826 P.2d 574

**In the Matter of DOMINICK Q., a child, Defendant–Appellant.**

**No. 13048.**

Court of Appeals of New Mexico.

Jan. 14, 1992.

Certiorari Denied Feb. 18, 1992.

Tom Udall, Atty. Gen., Elizabeth Major, Asst. Atty. Gen., Santa Fe, for state of N.M.

Sammy J. Quintana, Chief Public Defender, Bruce Rogoff, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

OPINION

CHAVEZ, Judge.

The child appeals an order of the children's court transferring this case to the district court. He argues that the delinquency petition should be dismissed because the transfer hearing was not held within thirty days. He also argues that there was insufficient evidence for the court to find that there were reasonable grounds to believe that he had committed the alleged delinquent act of murder. We affirm.

The incident which gave rise to the murder charge in this case arose from a fight between Dominick Q. and another juvenile which occurred on June 30, 1990. The petition alleging delinquency of Dominick Q. was filed on July 30, 1991. He was not detained after the incident or after the petition was filed. Meanwhile, on August 18, 1990, Dominick Q. was involved in another incident which gave rise to a separate charge of aggravated assault. At that time, the child was taken into detention.

On August 22, 1990, the child was brought before the court on three petitions: 89–17–CH and 89–38–CH, consolidated (revocation of probation), 90–78–CH (murder) and 90–91–CH (aggravated assault). Although the murder was alleged to have been committed on June 30, the state did not file its petition on that charge until July 30 and did not seek to detain the child until he allegedly committed the aggravated assault. Thus, the August 20 hearing was a first appearance for all cases and a detention hearing on the aggravated as-

sault case. After hearing argument of counsel, the court ordered detention. The state made clear, for the record, that the child was being detained pursuant to the aggravated assault case and not the murder case. The court agreed and specified that it was ordering detention in the aggravated assault case.

On August 28, 1990, the state filed a motion to transfer the murder case to the district court. On October 25, 1990, the child moved to dismiss the petition, alleging that the transfer hearing had not been held within thirty days as required by SCRA 1986, 10–223(A). The court denied the motion to dismiss, finding that the hearing on the motion to transfer was timely held.

The children's court rules contain two time schedules applicable to cases of children who are alleged to be delinquent and in need of supervision. One schedule, a shorter one, applies to those children in detention and one, a longer one, applies to those not in detention. The purpose is to expedite proceedings involving a child held in detention. The rules provide for quicker proceedings when a child is being held in detention prior to disposition. *See, e.g.,* SCRA 1986, 10–204; 10–226; 10–229.

The rule concerned here states that, "If the respondent is in detention, the transfer hearing shall be commenced within thirty (30) days from whichever of the following events occurs latest: (1) the date the motion for transfer is filed; ...." Rule 10–223(A). If the child is not in detention the transfer hearing must be held within ninety (90) days from the filing of the motion for transfer. SCRA 1986, 10–223(B). The child argues here that, because he was in detention, the hearing on the motion for transfer had to be held within thirty days. The problem arises from the fact that he was not in detention in the murder case but was detained in the aggravated assault case.

The child argues that the rule is unambiguous and does not need construction. He argues that the plain reading of the rule requires dismissal of the petition for delinquency on the charge of murder. We cannot agree that the rule is as unambig-

uous as the child argues. The rule is unambiguous only when there is only one case involved. We believe that, when there is more than one case at issue, the rule does not provide an answer, and it therefore requires construction. This court applies the same rules of construction to procedural rules adopted by the supreme court as it does to statutes. *State v. Eden,* 108 N.M. 737, 779 P.2d 114 (Ct.App.1989). "Our role is to discern and give effect to the author's intent." *Id.* at 741, 779 P.2d at 118. This is accomplished by adopting a construction that will not render the rule's application absurd, unreasonable, or unjust. *See State v. Santillanes,* 99 N.M. 89, 654 P.2d 542 (1982); *Otero v. State,* 105 N.M. 731, 737 P.2d 90 (Ct.App.1987).

The rules requiring expedited proceedings when a child is in detention demonstrate a concern by the rulemakers that a child should not be held in detention for a prolonged period at the pre-adjudicatory and pre-dispositional stages of the proceedings. The rules do not, however, evidence an intent that all possible charges against a child in detention must be filed. *See* Rule 10–204(C) (allowing only two days to file). The state argues that the intent of the abbreviated schedule for those cases where a child is in detention would not be furthered by requiring transfer hearings on every petition involving the child to be held within thirty days. It argues that such a requirement would lead to absurd results and complicate rather than simplify proceedings involving children.

We agree that such a construction would cause much confusion in applying the rules regarding time schedules. A common sense approach to the rules involving the abbreviated time schedules for a child in detention should be applied. *State v. Felipe V.,* 105 N.M. 192, 730 P.2d 495 (Ct.App. 1986). It goes against common sense to require that the state proceed on the shorter time schedule on a petition for which the child has not been detained.

The child argues that the fact that he is in detention requires the state to move along on all charges against him. He argues that it does not matter what offense

he is being held on, only that he is in detention. We are not convinced by this argument. The case in which the child is being detained must proceed on the abbreviated schedule. Either a transfer hearing or an adjudicatory hearing must be held within thirty days. The proceedings in cases for which he has been detained must be concluded expeditiously regardless of the status of any other proceedings involving the child. Because transfer depends in part on the amenability of the offender to rehabilitation, it must depend in part on the nature and context of the crime. *Cf. State v. Doe*, 99 N.M. 460, 659 P.2d 912 (Ct.App. 1983) (trial court retained right to reconsider order denying transfer when evidence of later crimes presented).

The child argues that the state's interpretation of the rule would require or allow a separate transfer hearing on each separate charge. We need not answer this contention to the extent it relates to different charges in the same case. The fact is that the rules provide for separate petitions or cases on separate charges. Charges should be joined only if they arise out of the same transaction, are of the same or similar character, or are part of a single scheme or plan. SCRA 1986, 10–107(A). In this case, the two charges arose out of two unrelated incidents occurring several weeks apart. Under the rule, the state was not required to join the separate charges in the same petition. Since the charges were brought separately, the matters may proceed separately. How and when things happen in one case does not affect how and when things happen in the other.

We hold that the fact that a child is in detention in one case does not ordinarily affect the time schedule of another different case alleging delinquency.

■ The child argues, pursuant to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), that there was insufficient evidence to support the finding that there were reasonable grounds to believe that he had committed the offense of murder. The fact that there was some evidence that he may have acted in self-defense does not negate the evidence that supports reasonable grounds to believe that the offense of murder was committed.

The witnesses all testified to a similar version of the incident. The child and the victim started an argument which escalated into a physical fight. The child pulled a gun and pointed it at the victim. The victim then pulled a knife and stabbed the child. The victim began to walk away, then turned around and was shot by the child. This is sufficient evidence to support the court's finding. *See State v. Doe*, 93 N.M. 481, 601 P.2d 451 (Ct.App.1979).

Holding that the transfer hearing was timely held and that there was sufficient evidence to support a finding that there were reasonable grounds to believe that the child had committed the offense of murder, we affirm the order of transfer.

IT IS SO ORDERED.

PICKARD and BLACK, JJ., concur.