1997-NMCA-116

947 P.2d 1057

STATE of New Mexico, Petitioner–
Appellant,

v.

In The Matter of ISAIAH A., a child,
Respondent–Appellee.

No. 17206.

Court of Appeals of New Mexico.

Sept. 22, 1997.

Certiorari Denied Nov. 12, 1997.

Tom Udall, Attorney General, Ralph E. Trujillo, Assistant Attorney General, Santa Fe, for Appellant.

Phyllis H. Subin, Chief Public Defender, Lisabeth L. Occhialino, Assistant Appellate Defender, Santa Fe, for Appellee.

*OPINION*

ARMIJO, Judge.

1. The State appeals from an order dismissing its petition in a delinquency proceed-ing for failure to comply with the time limits for an adjudicatory hearing stated in Rule 10–226(A), NMRA 1997 (prior to Feb. 1, 1997 amendment). We construe this rule in accordance with the same common-sense approach to the Children's Court Rules that this Court articulated in *In re Dominick Q.*, 113 N.M. 353, 354–55, 826 P.2d 574, 575–76 (Ct.App. 1992). We reverse the trial court's order dismissing the petition.

## I. BACKGROUND

2. Child was the subject of two separate petitions. The first petition (Petition 1), alleging that Child committed the delinquent act of trafficking in cocaine, was filed on March 3, 1995. Petition 1 is the subject of this appeal. The second petition (Petition 2), alleging that Child committed delinquent acts of burglary and unlawful taking of a motor vehicle, was filed on June 29, 1995. The matters charged under Petition 1 and Petition 2 arose from unrelated incidents. The two petitions were not joined, and hence they became the subject of separate delinquency proceedings.

3. Initially, Child was not detained in either proceeding. However, the children's court issued two bench warrants for Child's arrest after he failed to appear. The first bench warrant was issued after Child failed to appear at a pretrial conference regarding Petition 1 on June 26, 1995. The second bench warrant was issued after Child failed to appear at an adjudicatory hearing regarding Petition 2 on August 18, 1995.

4. Child was arrested and detained pursuant to the warrant issued in Petition 2 on December 12, 1995. Following Child's arrest, the court conducted a hearing on January 9, 1996, for the Child to answer to the warrant issued with respect to Petition 1. At the hearing the court refused to release Child from detention. On January 10, 1996, Child was served with the bench warrant issued in Petition 1, and the children's court scheduled Child's jury trial on Petition 1 for February 5, 1996.

5. Immediately following the January 9 hearing on the bench warrant relating to Petition 1, the children's court held a sepa-

rate hearing regarding Petition 2, at which the children's court scheduled an adjudicatory hearing for January 12, 1996; the court denied Child's request to be released from detention. Although Child was acquitted of the charges relating to Petition 2 as a result of the January 12 adjudicatory hearing, he was not released from detention after this acquittal because the charges relating to Petition 1 were still pending.

6. On February 1, 1996, Child moved to dismiss Petition 1 for failure to comply with the time limits specified in Rule 10–226(A). Child claimed that Petition 1 must be dismissed because the children's court did not hold the adjudicatory hearing regarding that petition within thirty days of Child's December 12 arrest. The children's court agreed and granted Child's motion to dismiss. This appeal followed.

## II. DISCUSSION

7. The version of Rule 10–226 in effect at the time of Child's delinquency proceedings stated that:

A. **Respondent in detention.** If the respondent is in detention, the adjudicatory hearing shall be commenced within thirty (30) days from whichever of the following events occurs latest:

. . . .

(5) if the respondent fails to appear at any time set by the court, the date the respondent is taken into custody after the failure to appear . . . .

. . . .

E. **Effect of noncompliance with time limits.** If the adjudicatory hearing on any petition is not begun within the times specified in Paragraph A or B of this rule or within the period of any extension granted as provided in this rule, the petition shall be dismissed with prejudice.

The question presented in this case is whether Petition 1 must be dismissed under Paragraph E for failure to comply with the time limits in Paragraph A.

8. Child claims that Petition 1 must be dismissed because the adjudicatory hearing regarding that petition did not begin within thirty days of December 12, 1995, the date on which Child was arrested pursuant to the Petition 2 bench warrant. We disagree.

9. In *Dominick Q.*, 113 N.M. at 354, 826 P.2d at 575, we addressed a similar problem regarding the effect of detention on the time limits for transfer hearings under SCRA 1986, 10–223 (withdrawn effective Oct. 1, 1996), when a child is the subject of two separate delinquency proceedings that are pending at the time the child is detained. In that case, we found that a plain reading of Rule 10–223 "does not provide an answer, and it therefore requires construction." *Dominick Q.*, 113 N.M. at 354, 826 P.2d at 575. Applying the same rules of construction to the Children's Court Rules as this Court applies to statutes, we reasoned that: "[s]ince the charges were brought separately, the matters may proceed separately. How and when things happen in one case does not affect how and when things happen in the other." *Id.* at 355, 826 P.2d at 576. Under this approach, "the fact that a child is in detention in one case does not ordinarily affect the time schedule of another different case alleging delinquency." *Id.*

10. We use the same common-sense approach to construe Rule 10–226(A) in the context of the present case, and note two significant factors: First, Child's arrest and detention on December 12, 1995, only triggered the thirty-day time period for an adjudicatory hearing on the Petition 2 charges because that arrest was made pursuant to the bench warrant issued in Petition 2. Second, the children's court did not specifically determine that Child would *continue* to be detained on Petition 1 until the bench warrant issued in Petition 1 was brought to its attention at the hearing on January 9, 1996. For purposes of Petition 1, Child was legally detained and taken into custody on January 9, 1996, by action of the children's court in denying his release, and that date, then, started the clock running for purposes of determining when the adjudicatory hearing should be held. Since Child's jury trial on Petition 1 was set for February 5, 1996, less than thirty days from the January 9 hearing, there was no violation of the time limit stated in Rule 10–226(A).

## III. CONCLUSION

11. Because the February 5, 1996, trial setting did not violate the time limits in Rule 10–226(A), we reverse the order of the children's court that granted Child's motion to dismiss.

12. **IT IS SO ORDERED.**

HARTZ, C.J., and FLORES, J., concur.