1998-NMCA-065

958 P.2d 107

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**ANTHONY M., Defendant–Appellant.**

No. 18199.

Court of Appeals of New Mexico.

March 11, 1998.

Certiorari Denied May 5, 1998.

Tom Udall, Attorney General, M. Victoria Wilson, Assistant Attorney General, Santa Fe, for Appellee.

Marc H. Robert, Barnett, Allison & Robert, Albuquerque, for Appellant.

*OPINION*

APODACA, Judge.

{1.} Child appeals an adjudication of delinquency. He claims on appeal that, because he was "in detention," Rule 10–226(A) NMRA 1997 (amended 1998) required the adjudicatory hearing to be held within thirty days from the date of service of the petition filed against him. Because that proceeding was not held within that period, Child argues that the adjudicatory proceeding was untimely. In arguing timeliness, he asserts two alternative claims: (1) ambiguity of the rule's provisions requires application of the shorter time limit for the proceeding, and (2) the State's bureaucratic indifference warrants dismissal of the delinquency petition. Unpersuaded by Child's arguments, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{2.} Child was arrested on October 22, 1996 on the first delinquency petition. The State filed a second petition for delinquency against Child on October 24, 1996. October 25, 1996, Child entered a first appearance on the second delinquency petition. On that date, the children's court ordered Child detained at the Otero County Juvenile Detention Facility pending resolution of the second petition. On October 28, 1996, a disposition hearing was held on the second petition to revoke probation under the first delinquency petition. The children's court adjudicated Child delinquent on the first delinquency petition and ordered that he be placed in the custody of Children, Youth and Families Department at the Springer Boys' School (Boys' School). This commitment was for an indeterminate period not to exceed two years.

{3.} On January 21, 1997, the children's court consolidated the second petition for delinquency and a third petition to revoke probation. The court denied Child's motion to dismiss the petitions for alleged untimeliness of the hearing. Child conditionally admitted the allegations and reserved the right to appeal denial of the motion to dismiss.

## II. DISCUSSION

### A. Standard Of Review

{4.} We review de novo the children's court's application of the law to the facts, considering them in the manner most favorable to the prevailing party. *See State v. Attaway,* 117 N.M. 141, 145, 870 P.2d 103, 107 (1994); *City of Rio Rancho v. Young,* 119 N.M. 324, 326, 889 P.2d 1246, 1248 (Ct.App. 1995).

### B. Time Limits Under Rule 10–226

{5.} If a child is in detention, Rule 10–226(A) requires an adjudicatory hearing within thirty days from the date of service of a petition. The time limit, however, is ninety days if the child is not detained or has been released before expiration of those limits contained in subsection (A). *See* Rule 10–226(B).

{6.} Child argues that his detention at the Otero County Juvenile Detention Facility pursuant to the October 25, 1996 order on the second petition for delinquency triggered the thirty-day limit of Rule 10–226(A). Consequently, Child reasons that the January 21, 1997, proceedings were untimely. He contends that Child's later commitment to the Boys' School on October 28, 1996 did not affect the time limit already triggered by the October 25 detention order. *See In re Dominick Q.,* 113 N.M. 353, 355, 826 P.2d 574, 576 (Ct.App.1992) ("[T]he fact that a child is in detention in one case does not ordinarily affect the time schedule of another different case alleging delinquency."). Child essentially argues that his commitment to the Boys' School continued his "detention." He claims that a court order terminating his detention was necessary to nullify the thirty-day requirement. Such an order was never entered.

{7.} The State, on the other hand, argues that Child's commitment to the Boys' School on October 28, 1996, terminated his detention because he was transported from the detention facility to the Boys' School, where the purpose of his confinement had changed. Under the State's theory, the ninety-day requirement under Rule 10–226(B) applied because Child was not in "detention" during his

commitment to the Boys' School. Consequently, the State argues the adjudicatory heating held on January 21, 1997, was timely because it was held within the ninety-day period.

{8.} For the reasons that follow, we conclude that Child was not detained in the Boys' School pending an adjudicatory hearing within the meaning of Rule 10–226(A). The statute, NMSA 1978, Section 32A-2–3(D) (1996) defines "detention facility" as "a place where a child may be detained under the Children's Code [this chapter] pending court hearing and does not include a facility for the care and rehabilitation of an adjudicated delinquent child." The October 25 order detained Child on the second delinquency petition at the Otero County Juvenile Detention Facility. On October 28, 1996, the children's court adjudicated Child delinquent and committed him to the Boys' School on the State's second motion to revoke probation under the first delinquency petition. Child's place and purpose of confinement changed. *See State v. Doe,* 93 N.M. 748, 751, 605 P.2d 256, 259 (Ct.App.1980) (holding that child was not in detention at the Boys' School until expiration of his original commitment term). A separate order vacating the detention order was not required to change Child's status from being detained to being committed. *Cf. In re Isaiah A.,* 1997–NMCA–116, ¶ 10, 124 N.M. 237, 947 P.2d 1057 (holding that children's court detained child on first petition by denying his release from detainment originated by second petition).[1] The children's court properly applied the ninety-day limit in Rule 10–226(B).

{9.} We agree with the State that policy supports the application of Rule 10–226(B) here. The shorter time limit in Rule 10–226(A) applies to a detained child pending adjudicatory hearing because the State has not proven allegations against the child. The shorter time limit protects the child's liberty interests. When a child is not in detention awaiting the adjudicatory hearing, however,

his or her liberty interests are not implicated. Here, Child's liberty interests were not implicated because Child was in custody serving his commitment for a different purpose—rehabilitation. Child did not suffer a loss of liberty while awaiting adjudication. As a result, the need to commence the adjudicatory heating more quickly did not exist.

{10.} The facts of this appeal are distinguishable from those in *Dominick Q.,* 113 N.M. 353, 826 P.2d 574, and in *Isaiah A.,* 1997–NMCA–116, ¶¶ 9–11, 124 N.M. 237, 947 P.2d 1057. *Dominick Q.* concerned a child who was in detention on one charge and the timeliness of his transfer hearing on another charge. Similarly, *Isaiah A.* involved a child who was both detained on one petition and awaiting his adjudicatory hearing on another petition. In both cases "the child [was] in detention" within the meaning of Rule 10–226(A), and therefore the thirty-day limit of that section applied. Here, however, Child was no longer in detention awaiting a hearing once he had been adjudicated and sent to Springer on another charge. The rationales of *Dominick Q.* and *Isaiah A.* therefore do not apply.

{11.} We also clarify NMSA 1978, § 32A–2–1l(A)(4) (1993). The State cites this statute for the proposition that Child could not be detained at the Boys' School pending court hearing on the second delinquency petition. Section 32A–2–11(A)(4) provides:

A. Unless ordered by the court pursuant to the provisions of the Delinquency Act [this article], a child taken into custody for a delinquent act shall not be placed in detention prior to the court's disposition unless probable cause exists to believe that:

. . .

4) if not detained, the child will cause injury to himself or be subject to injury by others.

---

1. The State relies on *Isaiah A.* in A in its answer brief. Ill his reply brief, Child complains that the *Isaiah A.* decision was not available to him because it had not yet been published in the Bar Bulletin, the reporter series, or on Westlaw. For that reason, Child requested leave to discuss *Isai-* *ah A.* when it became available. *Isaiah A.,* however, was available in this court's clerk's office and considered a public record. It was thus available to Child had he desired to supplement his reply to the State's argument.

We agree with Child that this statute does not preclude detention at the Boys' School. The purpose of the confinement determines whether a child is in detention or commitment at the Boys' School. We thus conclude that Section 32A–2–11(A)(4) does not support the State's argument.

### C. The Language Of Rule 10–226

■ {12.} Child next argues that, unless Rule 10–226(A) applies "to a child who has been ordered detained," the rule is ambiguous. Child's interpretation of Rule 10–226(A), however, differs from the explicit language of the Rule, which refers to a "respondent in detention" rather than a "child who has been ordered detained." The court may release a child from detention subsequent to an order of detention. *See In re Ruben O.,* 120 N.M. 160, 162–63, 899 P.2d 603, 605–06 (Ct.App.1995). We presume that the drafters of the Rule intended this language to have meaning and not be superfluous. *See State ex rel. Klineline v. Blackhurst,* 106 N.M. 732, 737, 749 P.2d 1111, 1116 (1988) (applying this principle to statute); *Dominick Q.,* 113 N.M. at 354, 826 P.2d at 575 ("This court applies the same rules of construction to procedural rules adopted by the supreme court as it does to statutes.") Child's interpretation of Rule 10–226(A) would render this language in Rule 10–226(B) superfluous. Consequently, we determine that a child who has been ordered detained is not necessarily a child in detention. Additionally Rule 10–226(B) applies to a child who "is not in detention or has been released from detention."

■ {13.} We disagree with Child's assertion that Rule 10–226(A) is ambiguous. "When a statute contains language which is clear and unambiguous, we must give effect to that language. . . ." *State v. Jonathan M.,* 109 N.M. 789, 790, 791 P.2d 64, 65 (1990). Rule 10–226(A) applies to a child in detention, and we have held in the previous section that Child was no longer in detention. Because Rule 10–226(A) is unambiguous, we do not apply the rule of lenity or evaluate the policy arguments that Child advocates. *See Sims v. Sims,* 1996–NMSC–078, ¶ 17, 122 N.M. 618, 930 P.2d 153 (holding that the ·court must refrain from further interpretation of an unambiguous statute); *State v. Ogden,* 118 N.M. 234, 242, 880 P.2d 845, 853 (1994) (holding that the rule of lenity applies to ambiguous criminal statutes).

### D. The State's Pursuit Of The Prosecution

■ {14.} Child argues that the State's failure to obtain a transport order resulted in his untimely adjudication hearing. Child correctly notes that the State has the duty to pursue prosecution. *See Zurla v. State,* 109 N.M. 640, 643, 789 P.2d 588, 591 (1990); *State v. Mascarenas,* 84 N.M. 153, 155, 500 P.2d 438, 440 (Ct.App.1972). We have already held, however, that the adjudicatory hearing was timely. It therefore follows that the State pursued its prosecution within the applicable time limit. *See* Rule 10–226(B).

## III. CONCLUSION

{15.} We affirm the adjudication of delinquency. We conclude that the adjudicatory hearing was timely because it was held within ninety days of service of the second delinquency petition, the applicable time period. We also determine that Rule 10–226 is not ambiguous in context of the specific issue raised in this appeal, and we thus apply its plain meaning. Finally, we hold that the State's alleged indifference to Child's prosecution did not affect the timeliness of Child's adjudication hearing.

{16.} **IT IS SO ORDERED.**

. BOSSON and ARMIJO, JJ., concur.