1998-NMCA-139

967 P.2d 462

**In the Matter of AUGUSTINE R., Child.**

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**AUGUSTINE R., Child–Appellant.**

**No. 19330.**

Court of Appeals of New Mexico.

Aug. 26, 1998.

Tom Udall, Attorney General, Santa Fe, for Appellee.

Reina Owen, Albuquerque, for Appellant.

## OPINION

FLORES, J.

{1} The Child appeals his second adjudication as a delinquent child and his commitment to the custody of the Children, Youth, and Families Department (CYFD) for an indeterminate period not to exceed two years. The disposition was effective from the date of its entry on February 10, 1998, for an indeterminate period of two years. The judgment also provides that the Child was to be immediately transported to the New Mexico Boys' School in Springer where he had been previously committed. The Child raises three issues on appeal. Unpersuaded by Child's arguments, we affirm.

## FACTS AND PROCEDURAL POSTURE

{2} The Child was initially adjudicated as a delinquent on July 7, 1997, in Chaves County, New Mexico, for receiving stolen property on May 30, 1997. On the same day that the Child was adjudicated a delinquent in the first action a new petition was filed in a different case, alleging that the child committed a delinquent act by committing a residential burglary on May 19, 1997.

{3} After trial of the second case began, a mistrial was declared on October 9, 1997, because of improper comments by a witness for the State. On November 26, 1997, the Child filed a motion pursuant to Rule 10–226 NMRA 1998 to dismiss the proceedings against him on the grounds that the State failed to conduct an adjudicatory hearing within thirty days of the date the mistrial had been declared. The children's court de-

nied the Child's motion and rescheduled trial on the second case.

{4} A second adjudicatory hearing was held on January 12, 1998, and, at the conclusion of the proceeding, the Child was adjudicated a delinquent on the new charge. On February 10, 1998, the Child was ordered to be committed to the New Mexico Boy's School on the second adjudication of delinquency.

DISCUSSION

■ {5} *Issue 1.* The Child asserts that his commitment to the Boys' School in this case violates NMSA 1978, Section 32A–2–23 (1995), because the judgment in this case had the effect of modifying the terms and conditions of his prior adjudication. The Child argues that during his commitment in the prior case, he had earned consideration for placement in a less restrictive environment and that he was eligible for placement at Eagle's Nest Reintegration Center. He argues that second dispositional orders are not permitted after he has been committed in the first cause. We disagree.

{6} Section 32A–2–23(A) states that the children's court is divested of jurisdiction over a child once the child has been committed to the custody of CYFD. This limitation of jurisdiction, however, relates specifically to the jurisdiction to decide particular programs or placements for the child arising from a petition in the same case. *See, e.g., Health & Soc. Servs. Dep't v. Doe,* 91 N.M. 675, 677, 579 P.2d 801, 803 (Ct.App.1978). *See also State v. Carlos A.,* 1996–NMCA–082, ¶¶ 12–15, 122 N.M. 241, 923 P.2d 608.

{7} Recent case law has established that separate delinquency petitions may result in separate adjudications and dispositions. *See State v. Anthony M.,* 1998–NMCA–065, ¶¶ 1–3, 125 N.M. 149, 958 P.2d 107, Vol. 37, No. 22, SBB 21. This Court has also stated that where unrelated charges of delinquency are brought in separate petitions, the matters proceed separately. *See State v. Isaiah A.,* 1997–NMCA–116, ¶ 9, 124 N.M. 237, 947 P.2d 1057. Although these cases did not directly involve the effect on a prior disposition of the entry of a subsequent disposition, they support the proposition that the children's court in this case could properly adjudicate the

Child delinquent and commit the Child to an indeterminate sentence not to exceed two years, notwithstanding the Child's prior adjudication in another case. Based on this recent case law and the language of Section 32A–2–23, we conclude that the otherwise legally valid judgment and disposition in this case is not rendered invalid by its effect on the Child's eligibility for an alternative placement in another case.

■ {8} *Issue 2.* The Child also challenges the second prosecution, following the mistrial in this case, asserting a violation of the time limits under Rule 10–226 NMRA 1998. *See State v. Franklin,* 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer,* 103 N.M. 655, 658–60, 712 P.2d 1, 4–6 (Ct.App.1985). The petition in this case was filed on July 7, 1997, the same day the Child was adjudicated delinquent and committed to the custody of CYFD in the prior, unrelated case. A mistrial was declared in this case on October 9, 1997. The second adjudicatory hearing was held in this case on January 12, 1998.

{9} Although the petition in this case asserts that the Child had been in detention since May 30, 1997, the State claimed that detention was based on the charges in the prior case. The record reflects that there were no charges pending in the present case until the petition was filed on July 7, 1997. Under these circumstances, the Child was not in detention awaiting an adjudicatory hearing in this case between May 30, 1997, when he was detained on the charges in the prior case and July 7, 1997, when the petition was filed in the present case. *See generally Anthony M.,* 1998–NMCA–065, ¶ 9, 125 N.M. 149, 958 P.2d 107 (purpose of Rule 10–226 is to protect a child's liberty interests when detained pending an adjudicatory hearing). *Cf. Isaiah A.,* 1997–NMCA–116, ¶ 10, 124 N.M. 237, 947 P.2d 1057 (when two petitions were simultaneously pending against the child, the child was considered to be held in detention on one petition only after the bench warrant on that petition was brought to the children's court's attention at a hearing on the child's motion to release him from detention on another petition); *In re Dominick Q.,*

113 N.M. 353, 354, 826 P.2d 574, 575 (Ct.App. 1992) (involving a child who was in detention on one charge and raised the issue of the timeliness of his transfer hearing on another simultaneously pending charge). We determine that the first adjudicatory hearing was properly commenced within the 120–day time limit of Rule 10–226(B)(1).

{10} After the Child was committed to the custody of CYFD in July 1997 and detained in Springer, he was not considered to be in detention for purposes of computing the time limits under Rule 10–226. *See Anthony M.*, 1998–NMCA–065, ¶ 10, 125 N.M. 149, 958 P.2d 107. We determine that the second adjudicatory hearing was properly held within 120 days of the mistrial. *See* Rule 10–226(B)(4).

{11} *Issue 3.* The Child also challenges the admission of evidence of an undated FBI fingerprint card as evidence of other bad acts. The State's fingerprint expert, over the Child's objection, testified to having found a fingerprint of the Child in the burglarized residence. The Child objected to introduction of a fingerprint card that contained the letters "FBI" on its back. The children's court refused to redact this portion of the exhibit. The admission or exclusion of evidence is within the discretion of the trial court, and this Court will reverse such a determination only for an abuse of that discretion. *See generally State v. Woodward*, 121 N.M. 1, 4, 908 P.2d 231, 234 (1995).

{12} Because the fingerprint card was undated, we are not persuaded it was evidence of a *prior* bad act. *Cf. State v. Gutierrez*, 93 N.M. 232, 234, 599 P.2d 385, 387 (Ct.App.1979) (police mug shots showed date of prior arrest). Moreover, the Child has not shown how the children's court abused its discretion in ruling that the probative value of the information outweighed any prejudicial effect of the card. The Child does not state any facts demonstrating that this ruling was an abuse of discretion.

{13} Even if the children's court erred in refusing to redact the FBI information from the undated card, we are not persuaded that the error was so prejudicial as to warrant reversal. *See id.* at 235–36, 599 P.2d

at 388–89 (error in admitting inadmissible mug shots of defendant was harmless error).

*CONCLUSION*

{14} The judgment and disposition of the Child is affirmed.

{15} **IT IS SO ORDERED.**

DONNELLY and ARMIJO, JJ., concur.