2 P.3d 883

2000-NMCA-049

**STATE of New Mexico, Petitioner–Appellee,**

v.

**ADAM M., Respondent–Appellant.**

No. 20,329.

Court of Appeals of New Mexico.

April 20, 2000.

Certiorari Denied June 10, 2000.

Patricia A. Madrid, Attorney General, M. Victoria Wilson, Assistant Attorney General, Santa Fe, for Appellee.

Phyllis H. Subin, Chief Public Defender, Lisabeth L. Occhialino, Assistant Appellate Defender, Santa Fe, for Appellant.

## OPINION

WECHSLER, J.

{1} Adam M. (Child) appeals the children's court's judgment and disposition in two consolidated delinquency proceedings. At the dispositional hearing, the children's court ordered Child committed to the custody of Children, Youth, and Family Department (CYFD) for two consecutive two-year commitments. Because the Children's Code (the Code) does not contemplate consecutive commitments, we reverse and remand.

*Factual and Procedural Background*

{2} The petition in children's court proceeding JR 97–326–3, filed on June 13, 1997, alleged that Child committed assault with a deadly weapon. The children's court entered a consent decree on August 6, 1997, suspending the proceedings for the lesser period of six months or until CYFD released Child. It ordered Child to sign a probation agreement with CYFD for the suspension period. On November 21, 1997, the State filed a petition to revoke probation alleging that Child had violated various provisions of the probation agreement. On December 24, 1997, the children's court adjudged Child to be a delinquent child. Child entered an amended probation agreement, and the children's court continued Child's probation until January 7, 2000. On March 3, 1998, the State filed a second petition to revoke probation, again alleging that Child engaged in various violations of his probation agreement. Child entered a third probation agreement, and the children's court entered a judgment and disposition suspending a commitment to the custody of CYFD for an indeterminate period not to exceed two years and placing Child on probation for that period.

{3} On December 18, 1998, the State again filed a petition to revoke probation, asserting that Child raped a minor and

thereby violated his probation agreement under which he agreed not to commit any unlawful act. Later that same day, the State filed a separate petition in children's court proceeding JR 98–501–1 asserting that Child committed criminal sexual penetration and criminal sexual contact with a minor.

{4} The children's court accepted Child's no contest plea in a single document that related to both proceedings, JR 97–326–3 and JR 98–501–3. It held a single dispositional hearing on the two petitions. As its disposition, the children's court committed Child to the custody of CYFD for a period not to exceed two years in JR 97–326–3 and ordered a separate commitment to the custody of CYFD for a period not to exceed two years in JR 98–501–3. It ordered the two commitments to run consecutively. Child appeals the two commitments.

*Authority of the Children's Court to Impose Consecutive Commitments*

{5} The children's court's authority to impose a commitment is statutory. *See In re Angela R.*, 105 N.M. 133, 137, 729 P.2d 1387, 1391 (Ct.App.1986) (stating that children's court, as a court of limited jurisdiction, may only act in manner specifically authorized by statute). Thus, we look to the Code to determine whether the children's court has the authority to impose consecutive commitments. In doing so, we examine the Code "in its entirety and construe each part to achieve a harmonious result." *State v. Adam M.*, 1998–NMCA–014, ¶ 15, 124 N.M. 505, 953 P.2d 40. When possible, we give effect to the clear and unambiguous language of the Code. *See State v. Jonathan M.*, 109 N.M. 789, 790, 791 P.2d 64, 65 (1990); *Adam M.*, 1998–NMCA–014, ¶ 15, 124 N.M. 505, 953 P.2d 40.

{6} Our examination of the Code does not reveal any authority for the children's court to order consecutive commitments for the same underlying behavior which is the subject of two separate petitions combined for disposition. NMSA 1978, § 32A–2–19(B)(2)(a)–(d) (1996) sets out the commitment options of the children's court for the disposition of an adjudicated delinquent offender. It includes only: (1) a short-term commitment of one year; (2) a long-term commitment of no more than two years; or (3) a commitment to age 21, unless sooner discharged, for a delinquent offender who committed a serious offense specified in the Code or a youthful offender as designated in the Code. The Code authorizes the children's court to order a disposition of a child found to be delinquent "for the supervision, care and rehabilitation of the child." Section 32A–2–19(B).

{7} The State contends that the children's court's authority to impose consecutive commitments extends from the common law which allowed a court the discretion to impose consecutive sentences involving an adult offender. According to the State, we are to construe the Code presuming that the legislature knows the common law and that the legislature intended the Code to be consistent with it. *See State v. Gabehart*, 114 N.M. 183, 185, 836 P.2d 102, 104 (Ct.App. 1992) (stating that repeal of common law is disfavored and found only when legislative intent is evident).

{8} However, the Code is distinct from the common law which did not make separate provisions for children. Additionally, the Code as written is entirely inconsistent with the judicial discretion under the common law to sentence a criminal offender convicted of multiple crimes to consecutive sentences. Under the Code, when a child is adjudicated a delinquent, the children's court enters a judgment making "a juvenile disposition." NMSA 1978, § 32A–2–18(A) (1996); *see also* § 32A–2–19(B). Indeed, the Code uses the word "sentence" only when referring to an "adult sentence" which, under the Code, may only be imposed upon a youthful offender or a serious youthful offender, neither of which applies in this instance. *See* NMSA 1978, § 32A–2–20(A) (1996) (discussing disposition of a youthful offender); NMSA 1978, § 32A–2–3(H) (1996) (defining serious youthful offender); *see also* § 32A–2–18(B) (discussing effect of a judgment resulting in an adult sentence for youthful or serious youthful offender). The distinct and deliberate use of these terms in the Code indicates the Code's intent to treat juvenile of-

fenders differently from adult criminals. *See Jonathan M.*, 109 N.M. at 790, 791 P.2d at 65 (stating requirement that court give effect to clear and unambiguous statutory language). In addition, the Code declares that a purpose of the delinquency act is the removal of children who commit delinquent acts from "the adult consequences of criminal behavior." NMSA 1978, § 32A–2–2(A) (1993).

{9} To be sure, the Code creates proceedings which, for the purposes of this case, are significantly different from criminal proceedings. Even though a delinquency petition may state several offenses, as distinguished from a criminal proceeding in which the court sentences the defendant separately for each charge which results in a conviction, the children's court may order only a single commitment on such petition. *See* § 32A–2–19(B). The State so concedes. Also in contrast with a criminal sentence which is set in duration, a long-term commitment to CYFD is indeterminate. *See* § 32A–2–19(B)(2)(b) (stating that long-term commitment is for no more than two years); *see also State v. Dennis F.*, 104 N.M. 619, 621, 725 P.2d 595, 597 (Ct.App.1986) (discussing distinction between criminal sentence and commitment under prior law). Moreover, after CYFD receives custody of a delinquent child by way of commitment, the child must be released before the commitment expires if the purposes of the commitment are met. *See* NMSA 1978, § 32A–2–23(C) (1995); *see also Adam M.*, 1998–NMCA–014, ¶ 4, 124 N.M. 505, 953 P.2d 40. The flexibility in the commitment procedures allows CYFD to accomplish the rehabilitative purposes of the Code. *See Adam M.*, 1998–NMCA–014, ¶ 4, 124 N.M. 505, 953 P.2d 40.

{10} The Code further addresses the rehabilitative purpose of a long-term commitment by permitting the children's court to extend its judgment of commitment for additional periods of one year each until the child reaches the age of twenty-one. This extension is authorized upon a finding that it "is necessary to safeguard the welfare of the child or the public interest." Section 32A–2–23(D). Thus, if CYFD's rehabilitative effort is incomplete, the Code provides a mechanism to continue the child's commit-

ment. Importantly, however, the Code does not enable the children's court to order any greater period than two years for an initial commitment at a dispositional hearing for a delinquent child, regardless of the number of offenses that the child has committed. *See* § 32A–2–19(B)(2)(b). In other words, the children's court must exercise its discretion over a long-term commitment at the end of the commitment, after reviewing a record of the child's performance while committed, instead of at the beginning when the court has less information before it. The legislature has made this choice. Therefore, given the structure of the Code, with its rehabilitative purpose in delinquency dispositions, and its express manner of addressing delinquent children who are not rehabilitated during a long-term commitment, we do not read Section 32A–2–19 to include unexpressed authority for the children's court to order consecutive commitments. *See Jonathan M.*, 109 N.M. at 790, 791 P.2d at 65 (recognizing that construction of Children's Code requires consideration of its legislative purpose); *Adam M.*, 1998–NMCA–014, ¶ 15, 124 N.M. 505, 953 P.2d 40 (stating that the Children's Code should be read as a whole so that the legislative intent is properly realized).

{11} In addition, the fact that the State filed two separate petitions, one for probation violation and the other for the substantive offense, does not lead us to the conclusion that the children's court had authority to order consecutive commitments. The State had the right to file two separate petitions and pursue each to adjudication and disposition. *See In re Augustine R.*, 1998–NMCA–139, ¶ 7, 126 N.M. 122, 967 P.2d 462. But each petition has the same ultimate dispositional purpose: care, supervision, and rehabilitation. *See* § 32A–2–19. As we have discussed, after the disposition of commitment, the burden of rehabilitation shifts from the children's court to CYFD with the court having the subsequent opportunity to address commitment at the conclusion of a long-term commitment. Consecutive commitments would give rise to a presumption that CYFD will be unable to accomplish its objectives within the indeterminate commitment period. Thus, consecutive commit-

ments would short-circuit the Code-established procedure and undermine the balance between the children's court and CYFD that the Code contemplates.

{12} The State argues that consecutive commitments would not interfere with CYFD's role. Under the State's position, if CYFD determined that a delinquent child who had been placed in CYFD's custody for two consecutive commitments had rehabilitated prior to the completion of the first commitment, CYFD would release the child from the first commitment and the child would not complete serving even the first day of the second commitment. Nothing in the Code even intimates such a procedure. This silence is meaningful to us, indicating that the legislature did not intend such procedure because it did not contemplate consecutive commitments. Moreover, under the Code, the Juvenile Parole Board, not CYFD, decides whether to release a child prior to the completion of a commitment. *See* § 32A–2–23(A)(1) ("[T]he juvenile parole board pursuant to the Juvenile Parole Board Act [Chapter 32A, Article 7 NMSA 1978] has the exclusive power to parole or release the child."); *Dennis F.*, 104 N.M. at 621, 725 P.2d at 597 (stating authority under prior law).

{13} Instead, the Code unambiguously intends a disposition that includes a commitment for no more than an indeterminate period of two years. If separate dispositional hearings are held on each petition, the Code allows the children's court to enter a judgment which begins a long-term commitment from the entry of the judgment. *See In re Augustine R.*, 1998–NMCA–139, ¶ 7, 126 N.M. 122, 967 P.2d 462 (noting that children's court could properly adjudicate a child delinquent who had previously been adjudicated and committed to CYFD and commit the child to the custody of CYFD for an indeterminate period not to exceed two years). The effect of the second commitment is to extend CYFD's custody. *See id.* If, as in this case, a single dispositional hearing is held on more than a single petition, Section 32A–2–19(B) permits only a dispositional judgment which includes a single commitment.

*Conclusion*

{14} For the foregoing reasons, we find that the Code does not authorize the children's court to order consecutive commitments from one dispositional hearing, regardless of the number of petitions filed by the State. We therefore reverse and remand to the children's court for entry of an order consistent with this opinion.

{15} **IT IS SO ORDERED.**

ALARID and BOSSON, JJ., concur.