This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellant,

v.                               **NO. 29,471**

**OSCAR H.,**

    Child-Appellee.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Robert S. Orlik, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellant

Hugh W. Dangler, Chief Public Defender
Nancy Hewitt, Appellate Defender
Santa Fe, NM

Scott M. Davidson
Albuquerque, NM

Trace L. Rabern
Santa Fe, NM

Derek Garcia, UNM Practicing Law Student
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

The State has appealed from the dismissal of its petition with prejudice. We issued a notice of proposed summary disposition, proposing to reverse. Child has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded by Child's arguments, we reverse and remand for further proceedings.

Below, the district court dismissed the State's petition on grounds that the State had failed to comply with numerous rule-based deadlines. [RP 40-41] We briefly summarize the pertinent events as follows.

Child was in custody on a number of completely separate matters when, in late November 2008, he allegedly assaulted and battered a number of peace officers, possessed a deadly weapon, and committed criminal damage to property. [DS 1; MIO 2; RP 1-4] A delinquency petition relating to the incident was filed on January 5, 2009. [RP 1] Arraignment occurred on January 30, 2009, [RP 5-6] at which time the State and the judge appear to have clearly agreed that Child was not being detained in relation to the underlying petition. [DS 1; RP 9] An order reflecting this state of

affairs was subsequently issued. [RP 15-16]

On February 6, 2009, Child filed a motion to dismiss, alleging that the State had failed to meet a number of applicable deadlines. [MIO 3; RP 19-23] Most of these arguments were premised on the assertion that abbreviated scheduling was required because Child was in detention. In this regard, Child argued that: (1) the State failed to file the petition within two days, in violation of Rule 10-204© NMRA 2008; (2) the detention hearing was not held within 24 hours of the filing of the petition, in violation of Rule 10-211(A)(1) NMRA 2008; and (3) the adjudicatory hearing was not held within 30 days after the filing of the petition, in violation of Rule 10-226(A)(1) NMRA 2008. [MIO 3-5] Child also argued that two additional rules had been violated, specifically Rule 10-205(A) NMRA 2008 (providing for advisement to the public defender within five days after a petition is filed) and Rule 10-213(A) NMRA 2008 (providing for discovery within ten days of the filing of the petition). [MIO 4-5]

The district court ultimately concluded that the State had violated Rule 10-204, Rule 10-211, and Rule 10-226, "and others in this matter." [RP 40] It therefore granted Child's motion to dismiss with prejudice. [RP 41]

On appeal, the State argues that the district court erred in concluding that Rule 10-204, Rule 10-211, and Rule 10-226 were violated because Child was not detained in relation to the underlying petition. [DS 1-4] We agree.

As mentioned above, both the docketing statement and the record proper reflect that although Child was in detention, his detention related to entirely separate proceedings. [DS 1-2; RP 9, 15-16]  As we have recognized, "the fact that a child is in detention in one case does not ordinarily affect the time schedule of another different case." *In re Dominick Q.*, 113 N.M. 353, 355, 826 P.2d 574, 576 (Ct. App. 1992).  As a result, Child's detention in relation to other charges should not have accelerated the proceedings in relation to the underlying petition.  To the extent that the accelerated deadlines set forth in  Rule 10-204, Rule 10-211, or Rule 10-226 should not have applied, the order of dismissal was unfounded.  [RP 40-41]

Child suggests that it is not clear whether he was being detained on separate charges or on the charges associated with the underlying petition. [MIO 8-9] However, we perceive no ambiguity.  The tape log associated with Child's arraignment clearly and repeatedly reflects that Child was being detained on separate charges. [RP 9, 16]

Child also contends that he could theoretically have been detained on more than one set of charges at any given time, and, as such, he suggests that we should presume that he was being detained on both separate charges and on the charges associated with the underlying petition. [MIO 8-10]  Although we do not take issue with the theoretical aspect of Child's argument, we disagree with its applicability.  As

previously stated, the record very clearly reflects that Child was held specifically and exclusively on the separate charges predating the filing of the underlying petition. [RP 9, 15-16] We therefore reject Child's suggestion that the detention should be presumed to be related to the petition.

Child also argues that the issuance of an arrest warrant establishes that his detention related to the underlying petition. [MIO 9] However, as we previously explained in the notice of proposed summary disposition, our authorities illustrate that the issuance of a warrant does not necessarily have any bearing on the basis for detention. *See, e.g.*, *State v. Isaiah A.*, 1997-NMCA-116, ¶¶ 2-6, 8-10, 124 N.M. 237, 947 P.2d 1057 (illustrating that actual arrest and detention in relation to a specific petition, rather than mere issuance of a warrant, are controlling in this context).

We understand Child to further argue that the order authorizing his release is somehow inconsistent with the premise that he had been detained in association with separate charges. [MIO 10] However, we perceive no inconsistency. As we have previously stated, the tape log of the hearing that preceded the issuance of that order clearly reflects the mutual agreement of counsel and the district court judge that Child's detention was related exclusively to separate charges. [RP 9, 15-16] It seems evident that *because* Child was being detained on separate charges, [RP 9] and in light of the "time issues" that stem from this state of affairs, [RP 9] the release order was

issued *to clearly reflect* that Child's continuing detention was not related to the underlying petition. [RP 15-16]

Because Child was not detained in association with the underlying petition, but was instead detained on separate preexisting charges, the accelerated scheduling deadlines set forth in Rule 10-204, Rule 10-211, and Rule 10-226 do not apply. *See In re Dominick Q.*, 113 N.M. at 355, 826 P.2d at 576 ("[T]he fact that a child is in detention in one case does not ordinarily affect the time schedule of another different case."). Insofar as the State could not be said to have violated these deadlines, the dismissal of the petition was unwarranted.

In his memorandum in opposition, Child argues that violations of other rules, specifically Rule 10-205(A) and Rule 10-213, could support the dismissal of the petition. [MIO 12-17] However, as we observed in the notice of proposed summary disposition, and as Child has acknowledged, [MIO 13, 16] neither of these rules provides that dismissal is a mandatory remedy.

As Child observes, [MIO 16] the courts have discretion to fashion appropriate remedies for rule violations. However, that discretion is not unbounded. Rule 10-117 NMRA 2008 provides that rule violations are not generally grounds for dismissal, "unless refusal to take any such action appears to the court inconsistent with substantial justice or unless these rules expressly provide otherwise." Although Child

asserts that the dismissal of the underlying petition was consistent with "substantial justice," [MIO16-17] we disagree. The record reflects that counsel was duly appointed, [RP 13-14] and Child's assertions of prejudice [MIO 13-14, 16] are too speculative and abstract to have persuasive value. *Cf. State v. McDaniel*, 2004-NMCA-022, ¶ 6, 135 N.M. 84, 84 P.3d 701 ("[P]rejudice [resulting from a discovery violation] must be more than speculative."); *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.").

Accordingly, for the reasons stated, we conclude that the underlying petition was improperly dismissed. We therefore reverse and remand for further proceedings.

**IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**CELIA FOY CASTILLO, Judge**


_____
**LINDA M. VANZI, Judge**