This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40962

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ISAIAH B.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Sarah V. Weaver, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Aletheia V.P. Allen, Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Thomas J. Lewis, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Isaiah B (Child), a juvenile adjudicated as delinquent under the children's code, appeals the order of the district's court extending legal custody of the Children, Youth and Families Department (CYFD) over Child past his two-year commitment. *See* NMSA 1978, § 32A-2-23(E) (2009). Child argues (1) the district's court incorrectly concluded that a decision to extend his commitment does not require proof beyond a reasonable doubt, and (2) there was insufficient evidence to extend his commitment. We affirm.

**{2}** Because this is a memorandum opinion and the parties are familiar with the facts and procedural background, we reserve discussion of the pertinent facts within the context of Child's arguments.

## I. The District Court Did Not Err in Concluding that Extension of Child's Commitment Did Not Require Proof Beyond a Reasonable Doubt

**{3}** At the hearing, the parties discussed the standard of proof required for the district court to extend Child's commitment pursuant to Section 32A-2-23(E). Section 32A-2-23(E) provides, in relevant part, that the "the [district] court may extend the judgment for additional periods of one year . . . if the court finds that the extension is necessary to safeguard the welfare of the child or the public safety." In its oral remarks near the end of the hearing, the district court stated that extension of Child's commitment did not call for proof beyond a reasonable doubt.

**{4}** Child contends the standard of proof required to extend his commitment pursuant to Section 32A-2-23(E) is beyond a reasonable doubt. In support of this contention, Child argues that an extension hearing is more than a dispositional hearing and more like a probation violation hearing, which is adjudicatory in nature and requires proof beyond reasonable doubt. *See* NMSA 1978, § 32A-2-24(B) (2009). Child argues that, similar to probation revocation hearings, where the district court adjudicates facts, extension hearings require the court to admit evidence and make specific findings. We are unpersuaded.

**{5}** This Court addressed this issue in *State v. Sergio B.*, 2002-NMCA-070, 132 N.M. 375, 48 P.3d 764. Similar to Child's argument here, the child in *Sergio B.* argued that recommitment hearings should proceed in the manner provided for hearings on petitions alleging delinquency, which require proof beyond a reasonable doubt and that this same burden of proof should apply to recommitment hearings *Id.* ¶ 19; *see also* NMSA 1978, § 32A-2-16(E) (2009). This Court disagreed, stating that "[r]ecommitment hearings are essentially dispositional," and that "[t]he standards for adjudicatory hearings do not extend to dispositional hearings." *Sergio B.*, 2002-NMCA-070.; *see also* § 32A-2-16(G) ("In that part of the hearings held . . . on dispositional issues, all relevant and material evidence helpful in determining the questions presented . . . may be received by the court and may be relied upon . . . even though not competent had it been offered during the part of the hearings on adjudicatory issues.") This Court reasoned, "the findings necessary to determine whether a recommitment is necessary to protect the child or public welfare requires consideration of the child's environment, age, maturity, past behavior, and predictions of future behavior. Such determinations do not easily lend themselves to proof beyond a reasonable doubt." *Sergio B.*, 2002-NMCA-070, ¶ 19 (internal quotations marks and citation omitted)); *cf. State v. Rudy B.*, 2010-NMSC-045, ¶¶1, 20, 37-38, 40, 149 N.M. 22, 243 P.3d 726 (concluding that a determination of whether a juvenile is amenable to rehabilitation in juvenile facilities need not be decided by a jury to be proven beyond a reasonable doubt, in part because the determination is predictive in nature—involving often conflicting psychological and

social evaluations of the child and the child's environment—"which necessarily involve a level of uncertainty").

**{6}** Child nevertheless asks us to "reconsider" this Court's determination in *Sergio B.* Child, however, has not argued, let alone established, any one of the questions our appellate courts consider before overturning precedent. *See Trujillo v. City of Albuquerque*, 1998-NMSC-031, ¶¶ 33-34, 125 N.M. 721, 965 P.2d 305 (stating that "[s]tare decisis is the judicial obligation to follow precedent" and that "particular questions must be considered before overturning precedent"); *State v. Riley*, 2010-NMSC-005, ¶ 40, 147 N.M. 557, 226 P.3d 656 (Chávez, J., specially concurring) ("[The appellant] does not make a case for us to overrule our precedent by applying the factors relevant to a stare decisis analysis" but "simply asks us to reconsider [our] holding," which "lacks the disciplined approach we have required in numerous opinions on the subject of stare decisis." (failing to discuss factors). We therefore decline Child's request to reconsider any portion of this Court's decision in *Sergio B.* Accordingly, we reject Child's argument that extension of his commitment required proof beyond a reasonable doubt, and affirm the district court's application of Section 32A-2-23(E) in this regard.

## II.     Sufficient Evidence Supports Extension of Child's Commitment

**{7}** Child next argues there was insufficient evidence to extend his commitment and that, in extending his commitment without the proof required by Section 32A-2-23(E), the district court violated his due process rights.

**{8}** To the extent Child argues there was insufficient evidence to extend Child's commitment based on a burden of proof of beyond a reasonable doubt, as discussed, this Court has declined to apply this standard to extension hearings. *See Sergio B.*, 2002-NMCA-070, ¶ 19. To the extent Child argues there is insufficient evidence to extent Child's commitment based on a lesser burden of proof, we disagree. Assuming without deciding that the next highest burden of proof—clear and convincing evidence—were to apply, we conclude this burden was satisfied. *See In re Sanders*, 1989-NMCA-025, ¶ 15, 108 N.M. 434, 773 P.2d 1241 (noting three basic standards of review of beyond a reasonable doubt, clear and convincing evidence, and preponderance of the evidence, and that clear and convincing evidence is the intermediate standard). We explain.

**{9}** "Whatever the . . . standard of proof is for the [district] court to make [a] specific finding, . . . we review the [district] court's decision for substantial evidence." *State v. Gonzales*, 2001-NMCA-025, ¶ 33, 130 N.M. 341, 24 P.3d 776, *rev'd on other grounds by State v. Ruby B.*, 2009-NMCA-104, 147 N.M., 216 P.3d 810;. "Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support a conclusion." *State v. Laguna*, 1999-NMCA-152, ¶ 7, 128 N.M. 345, 992 P.2d 896. "We review the evidence in the light most favorable to [the district court's decision], resolving all conflicts and indulging in all permissible inferences to uphold [the court's decision]." *Id.* Here, the district court was required to "find[] that the extension is necessary to safeguard the welfare of the child or the public safety." Section 32A-2-23(E). The district

court did so, finding "that an extension is necessary to safeguard the welfare of . . . Child or the public safety." Viewing the evidence in the light most favorable the district court's decision, we conclude clear and convincing evidence supports this finding.

**{10}** To begin, the district court heard evidence supporting a finding that an extension was "necessary to safeguard . . . the public safety." *Id.* Child's case manager, who had known Child for years and interacted with him daily, testified that Child had made little progress remedying his oppositional defiance, manipulation, and anger. Child's behavioral therapist testified that Child struggled at times with impulse control, and that she discussed with Child at least one situation where he lost control. Child's case manager also testified that he had received twenty-seven "disciplinary incident reports" for serious rule infractions. These included, since the beginning of the year, three DIRs for destruction of property and three DIRs for physical violence, two of the three physical violence DIRs having occurred within three months of the extension hearing. *See In re Ruben D.,* 2001-NMCA-006, ¶ 24, 130 N.M. 110, 18 P.3d 1063 (noting that the record demonstrated that child had anger management problems, leading to at least seventeen instances which resulted in disciplinary isolation, in determining that evidence justified extending the child's commitment). Child's behavioral therapist also testified that Child needed to do more work to develop empathy towards others and that he had limited insight regarding people outside of his family. Noting lack of progress in with Child's maturity, oppositional defiance, manipulation, and anger, Child's case manager testified that he had concerns for the community should Child be released and expressed worry that Child might put himself in a situation that could become violent. In its oral ruling, the district court stated that it found the case manager's statement regarding his concern for the community to be persuasive, noting that the case manager had "the most contact with [Child] on a day to day basis." *See State ex rel. Child., Youth & Fams. Dep't v. Keon H.,* 2018-NMSC-033, ¶ 51, 421 P.3d 814 (stating that it is our duty to defer to the district court's conclusions regarding credibility of witnesses); *State v. Elliott*, 2001-NMCA-108, ¶ 36, 131 N.M. 390, 37 P.3d 107 ("We do not reweigh the evidence and will not substitute our judgment for that of the [district] court."). Based on the foregoing, we conclude clear and convincing evidence supports a finding that an extension was necessary to safeguard public safety.

**{11}** The district court also heard evidence supporting a finding that an extension was "necessary to safeguard the welfare" of Child. *See* Section 32A-2-23(E). Child's case manager testified that he feared for Child's safety in the community based on his lack of progress with his oppositional defiance, manipulation, and anger, expressing concern that Child would encounter someone in the community who would not have patience with him and that such a situation could turn violent. In its oral ruling, the district court noted that it found the case manager's statement of "concern for [Child]" to be persuasive. *See Keon H.*, 2018-NMSC-033, ¶ 51; *Elliott*, 2001-NMCA-108, ¶ 36.

**{12}** The district court heard additional testimony that Child had failed to make adequate progress in his rehabilitation. *See State v. Adam M.*, 2000-NMCA-049, ¶¶ 9, 10, 129 N.M. 146, 2 P.3d 883 (noting the "rehabilitative purposes" of the children's code, and that the code provides a mechanism to continue a child's commitment "if

CYFD's rehabilitative effort is incomplete"). Child's case manager testified that progress is measured in four stages—summarizing stage one as intake, stage two as contemplation of action, stage three as action, and stage four as readiness for release—and that Child was currently in stage one. *Cf. Ruben D.*, 2001-NMCA-006, ¶¶ 1, 24 (noting that the record reflected that the child did not make progress for the first eighteen months of his two-year commitment in determining that evidence justified extending the child's commitment). We therefore conclude clear and convincing evidence supports a finding that an extension was necessary to safeguard the welfare of Child. In sum, substantial evidence supports the district court's decision to extend Child's commitment.

**CONCLUSION**

**{13}** Based on the foregoing, we affirm.

**IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JACQUELINE R. MEDINA, Judge**