2006-NMCA-014

128 P.3d 508

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**INDIE C., Child–Appellant.**

**No. 25,309.**

Court of Appeals of New Mexico.

Dec. 21, 2005.

Certiorari Denied, No. 29,621, Jan. 27, 2006.

Patricia A. Madrid, Attorney General, Santa Fe, M. Victoria Wilson, Assistant Attorney General, Albuquerque, for Appellee.

John Bigelow, Chief Public Defender, Kathleen T. Baldridge, Assistant Appellate Defender, Santa Fe, for Appellant.

## OPINION

PICKARD, J.

{1} This case requires us to decide whether the Delinquency Act, NMSA 1978, §§ 32A–2–1 to –33 (1993, as amended through 2005) (the Act) authorizes an initial commitment to the age of twenty-one of a child who has been adjudicated delinquent for first degree murder committed when the child was under fourteen years of age. Because the Act unambiguously gives the trial court the authority to order such a commitment, we affirm.

## PROCEEDINGS BELOW AND STANDARD OF REVIEW

{2} Indie C. (Child) was adjudicated delinquent for first degree murder in connection with the stabbing death of Fabian Munoz, which occurred on July 4, 2004. At the time of the offense, Child was thirteen years old. Child argued that she should only receive a two-year commitment, subject to extensions as permitted by the Act. Instead, the trial court committed her to the custody of the Children, Youth and Families Department (CYFD) until she reaches the age of twenty-one. Child then submitted a motion arguing that the commitment was not authorized by the Act. The trial court denied the motion. Child advances the same argument on appeal. Child's argument presents a question of statutory interpretation, which we review de novo. *State v. Smith,* 2004–NMSC–032, ¶ 8, 136 N.M. 372, 98 P.3d 1022.

## DISCUSSION

{3} In order to better explain Child's arguments, we begin with a brief overview of the dispositional scheme of the Act. While the Act has been amended since Child committed her offense, the amendments do not affect the issues in this case. Therefore, we cite to the 2005 versions of the relevant statutes. We quote them in their entirety in the appendix to this opinion.

{4} The Act provides for three categories of offenders: serious youthful offenders, youthful offenders, and delinquent offenders. *See* § 32A–2–3(C), (H), (I). The category into which a child is placed is based on the child's age and the offense committed. The category in turn determines the dispositions available to the trial court upon an adjudication of delinquency. Section 32A–2–3(H) defines a "serious youthful offender" as a fifteen to eighteen year old who is "charged with and indicted or bound over for trial for first degree murder." A serious youthful offender is treated as an adult and, if convicted as charged, sentenced pursuant to the adult statutes. NMSA 1978, § 31–18–15.3(D) (1993). Section 32A–2–3(I) defines a "youthful offender" as (1) a fourteen to eighteen year old who commits one of a list of enumerated offenses, (2) a fourteen to eighteen year old who commits a felony offense and has had three prior felony adjudications within the preceding three years, or (3) a fourteen year old who commits first degree murder. A youthful offender who is not amenable to rehabilitation may be sentenced as an adult. Section 32A–2–20(A), (B). Section 32A–2–3(C) defines a "delinquent offender" as any child who has committed a delinquent act but does not fit into either the serious youthful offender category or the youthful offender category.

{5} Section 32A–2–19(B)(1) provides the possible dispositions of a delinquent offender, giving the trial court authority to order any of the three following commitments:

(a) a short-term commitment of one year . . . ;

(b) a long-term commitment for no more than two years . . . ; [or]

(c) if the child is a delinquent offender who committed one of the criminal offenses set forth in [Section 32A–2–3(I) ], a commitment to age twenty-one[.]

{6} All commitments under the Act represent the maximum time that a child may spend in custody. A child must be released before the end of the commitment period "when it appears that the purpose of the order [of commitment] has been achieved

before the expiration of the period of the judgment." Section 32A–2–23(C). When a child is given a long-term commitment of two years, a court may, before the expiration of the commitment, extend the judgment for additional periods of one year upon a finding that extension is "necessary to safeguard the welfare of the child or the public safety." Section 32A–2–23(E). Such additional commitments may not extend past the date on which the child reaches twenty-one. *Id.*

{7} In this case, there is no dispute regarding Child's category—Child is a delinquent offender because she does not fit the requirements of either the serious youthful offender category or the youthful offender category. Because Child is a delinquent offender, Section 32A–2–19(B) provides the types of commitment that the trial court was authorized to impose. Child argues that an initial commitment to the age of twenty-one was not authorized under that section. We disagree.

{8} As indicated above, Section 32A–2–19(B)(1)(c) states that the court may order the commitment of a delinquent offender until age twenty-one if the offender has committed any of the offenses listed in Section 32A–2–3(I). One of the offenses listed in Section 32A–2–3(I) is first degree murder. Thus, because Child was adjudicated to have committed first degree murder, the trial court was authorized to order her committed until she reaches age twenty-one.

{9} Child provides several arguments against reading the statute in the way we have just set forth. For the following reasons, we reject Child's arguments.

{10} First, Child relies on *State v. Adam M.*, 2000–NMCA–049, 129 N.M. 146, 2 P.3d 883. While we do not agree with Child's interpretation of that case, we acknowledge that the case does contain language that, if taken out of context, would support Child's position. For example, in *Adam M.*, we said that "the Code does not enable the children's court to order any greater period than two years for an initial commitment at a dispositional hearing for a delinquent child." *Id.* ¶ 10. However, the issue before the Court in *Adam M.* was whether the Act provided "any authority for the children's court to order

consecutive commitments for the same underlying behavior which is the subject of two separate petitions combined for disposition." *Id.* ¶ 6.

{11} Because we were not asked in *Adam M.* to consider whether the Act would authorize a commitment to age twenty-one for someone in Child's position, that case does not support Child's position here. *See Fernandez v. Farmers Ins. Co.*, 115 N.M. 622, 627, 857 P.2d 22, 27 (1993) (noting that cases are not authority for propositions not considered). We also note that *Adam M.* read as a whole does not support Child's position because, in examining the predecessor of Section 32A–2–19(B)(1), we stated that it allowed for the following types of commitment: "(1) a short-term commitment of one year; (2) a long-term commitment of no more than two years; or (3) *a commitment to age 21,* unless sooner discharged, for a delinquent offender who committed a serious offense specified in the Code or a youthful offender as designated in the Code." *Adam M.*, 2000–NMCA–049, ¶ 6, 129 N.M. 146, 2 P.3d 883 (emphasis added). For the foregoing reasons, we reject Child's argument that *Adam M.* precludes her commitment to age twenty-one.

{12} Child next argues that under Section 32A–2–3(I)(3), the relevant offense is not committing first degree murder, but is instead "being fourteen years old *and* committing first-degree murder." Thus, Child argues, she does not fall within that section because she was thirteen when the offense was committed. In support of this argument, Child notes that the section uses the word "and," i.e., it states that a youthful offender is a child who is "fourteen years of age *and* adjudicated for first degree murder." We do not find this argument persuasive.

{13} Section 32A–2–3 is the definitional statute for the entire Delinquency Act. The purpose of Section 32A–2–3(I) is to define the term "youthful offender." As explained, the category into which a child is placed is dependent upon both the child's age and the offense committed. Thus, the statute that defines a youthful offender necessarily refer-

ences both age and offense. However, Section 32A–2–19(B)(1)(c), under which Child was committed, only states that a delinquent offender who has committed one of the offenses listed in 32A–2–3(I) may be committed up to age twenty-one. It does not say that commitment to age twenty-one is authorized only for children who fit the definition of youthful offenders as set forth in Section 32A–2–3(I), i.e., children who are the requisite age *and* commit an enumerated offense.

■ {14} We also note that Child's reading of the statute would produce an absurd result in the following way. Section 32A–2–19(B)(1)(c) refers only to dispositions available for "delinquent offenders." By definition, a "delinquent offender" is a child who does not meet the requirements of either the serious youthful offender category or the youthful offender category. Section 32A–2–3(C). If a child was both fourteen and committed first degree murder (as Child argues should be necessary for Section 32A–2–19(B)(1)(c) to apply), then the child could not be a "delinquent offender" because he or she would by definition be a youthful offender. Thus, under Child's reading, Section 32A–2–19(B)(1)(c) would be rendered superfluous because no child could ever (1) be a delinquent offender and (2) meet the age and offense requirements of Section 32A–2–3(I). We refrain from reading statutes in a way that renders provisions superfluous. *State v. Rivera*, 2004–NMSC–001, ¶ 18, 134 N.M. 768, 82 P.3d 939.

{15} Child further notes that first degree murder is set apart in its own subsection (subsection 3), instead of being included with the other offenses enumerated in Section 32A–2–3(I)(1). She argues that this fact somehow supports her contention that the relevant offense for purposes of Section 32A–2–19(B)(1)(c) is first degree murder committed by a fourteen year old. We do not follow Child's logic. We note a much more plausible reason why first degree murder is listed in its own subsection instead of being lumped together with the offenses enumerated in Section 32A–2–3(I)(1). In defining the term "youthful offender," Section 32A–2–3(I)(1) references a number of offenses and states that a child who is fourteen to eighteen is a

youthful offender when he or she commits one of those offenses. However, when a child who is fifteen to eighteen commits first degree murder, that child is a serious youthful offender and not a youthful offender. Section 32A–2–3(H). Thus, the Legislature would not have included first degree murder in the list of offenses enumerated in Section 32A–2–3(I)(1) because to do so would have put the statute in conflict with the serious youthful offender statute. In order to avoid that result, the Legislature enacted a separate subsection of the statute defining a youthful offender, Section 32A–2–3(I)(3), that refers to first degree murder, but only when committed by a fourteen year old. Thus, we reject Child's argument.

{16} Next, Child argues that even if she can be committed until she reaches the age of twenty-one, such commitment can only be accomplished using the procedures set forth in Section 32A–2–23(E). That section provides in pertinent part as follows:

> Prior to the expiration of a *long-term commitment*, as provided for in Section 32A–2–19 . . . , the court may extend the judgment for additional periods of one year until the child reaches the age of twenty-one if the court finds that the extension is necessary to safeguard the welfare of the child or the public safety.

Section 32A–2–23(E) (emphasis added). Section 32A–2–19(B)(1)(b) defines a long-term commitment as a "commitment for no more than two years." Child argues that Section 32A–2–23(E) mandates that she only receive an initial commitment of two years, which would then be subject to one-year extensions until she reaches the age of twenty-one.

{17} Child's argument fails. By its plain language, Section 32A–2–23(E) only applies to "long-term commitments" of two years. Child was not given a "long-term commitment." Rather, the trial court ordered that she be committed until she reaches the age of twenty-one, as the Act authorizes under the circumstances of this case. Thus, Section 32A–2–23(E) is inapplicable.

{18} Finally, Child argues that we should adopt her reading of the Act because it is more consistent with one of the primary goals of the Act—rehabilitation. Child as-

serts that a long commitment, like the seven-year one imposed here, would constitute punishment rather than rehabilitation. Child also urges us to apply the rule of lenity and construe the statutes, which she characterizes as ambiguous, in her favor.

{19} We agree with Child that rehabilitation is one of the primary goals of the Act. *See* § 32A–2–2. We also agree that statutes should be interpreted so as to further legislative goals. *See State v. Adam M.*, 1998–NMCA–014, ¶ 15, 124 N.M. 505, 953 P.2d 40. Moreover, we acknowledge that when a criminal statute is ambiguous, the rule of lenity counsels that such ambiguities should be resolved in the defendant's favor. *See State v. Ogden*, 118 N.M. 234, 242, 880 P.2d 845, 853 (1994). However, we would only need to interpret the Act so as to further legislative intent or apply the rule of lenity if the Act was ambiguous. *See id.* (noting that the rule of lenity applies where "insurmountable ambiguity persists regarding the intended scope of a criminal statute"). As explained above, the Act is not ambiguous on this point. Where a statute is "clear and unambiguous, we give the statute its plain and ordinary meaning and refrain from further interpretation." *State v. Vaughn*, 2005–NMCA–076, ¶ 33, 137 N.M. 674, 114 P.3d 354. Because the Act clearly and unambiguously authorizes the commitment imposed in this case, we affirm the trial court.

## CONCLUSION

{20} Child's commitment to the age of twenty-one is affirmed.

{21} **IT IS SO ORDERED.**

BUSTAMANTE, C.J. and ROBINSON, J., concur.

## APPENDIX

Section 32A–2–3:

C. "delinquent offender" means a delinquent child who is subject to juvenile sanctions only and who is not a youthful offender or a serious youthful offender;

. . .

H. "serious youthful offender" means an individual fifteen to eighteen years of age who is charged with and indicted or bound over for trial for first degree murder. A "serious youthful offender" is not a delinquent child as defined pursuant to the provisions of this section; and

I. "youthful offender" means a delinquent child subject to adult or juvenile sanctions who is:

(1) fourteen to eighteen years of age at the time of the offense and who is adjudicated for at least one of the following offenses:

(a) second degree murder, as provided in Section 30–2–1 NMSA 1978;

(b) assault with intent to commit a violent felony, as provided in Section 30–3–3 NMSA 1978;

(c) kidnapping, as provided in Section 30–4–1 NMSA 1978;

(d) aggravated battery, as provided in Subsection C of Section 30–3–5 NMSA 1978;

(e) aggravated battery against a household member, as provided in Subsection C of Section 30–3–16 NMSA 1978;

(f) aggravated battery upon a peace officer, as provided in Subsection C of Section 30–22–25 NMSA 1978;

(g) shooting at a dwelling or occupied building or shooting at or from a motor vehicle, as provided in Section 30–3–8 NMSA 1978;

(h) dangerous use of explosives, as provided in Section 30–7–5 NMSA 1978;

(i) criminal sexual penetration, as provided in Section 30–9–11 NMSA 1978;

(j) robbery, as provided in Section 30–16–2 NMSA 1978;

(k) aggravated burglary, as provided in Section 30–16–4 NMSA 1978;

(*l* ) aggravated arson, as provided in Section 30–17–6 NMSA 1978; or

(m) abuse of a child that results in great bodily harm or death to the child, as provided in Section 30–6–1 NMSA 1978;

(2) fourteen to eighteen years of age at the time of the offense and adjudicated for any felony offense and who has

had three prior, separate felony adjudications within a three-year time period immediately preceding the instant offense. The felony adjudications relied upon as prior adjudications shall not have arisen out of the same transaction or occurrence or series of events related in time and location. Successful completion of consent decrees are not considered a prior adjudication for purposes of this paragraph; or

(3) fourteen years of age and adjudicated for first degree murder, as provided in Section 30–2–1 NMSA 1978.

Section 32A–2–19:

B. If a child is found to be delinquent, the court may impose a fine not to exceed the fine that could be imposed if the child were an adult and may enter its judgment making any of the following dispositions for the supervision, care and rehabilitation of the child:

(1) transfer legal custody to the department, an agency responsible for the care and rehabilitation of delinquent children, which shall receive the child at a facility designated by the secretary of the department as a juvenile reception facility. The department shall thereafter determine the appropriate placement, supervision and rehabilitation program for the child. The judge may include recommendations for placement of the child. Commitments are subject to limitations and modifications set forth in Section 32A–2–23 NMSA 1978. The types of commitments include:

(a) a short-term commitment of one year in a facility for the care and rehabilitation of adjudicated delinquent children. No more than nine months shall be served at the facility and no less than ninety days shall be served on parole, unless: 1) a petition to extend the commitment has been filed prior to the commencement of parole; 2) the commitment has been extended pursuant to Section 32A–2–23 NMSA 1978; or 3) parole is revoked pursuant to Section 32A–2–25 NMSA 1978;

(b) a long-term commitment for no more than two years in a facility for the care and rehabilitation of adjudicated delinquent children. No more than twenty-one months shall be served at the facility and no less than ninety days shall be served on parole, unless: 1) parole is revoked pursuant to Section 32A–2–25 NMSA 1978; or 2) the commitment is extended pursuant to Section 32A–2–23 NMSA 1978;

(c) if the child is a delinquent offender who committed one of the criminal offenses set forth in Subsection I of Section 32A–2–3 NMSA 1978, a commitment to age twenty-one, unless sooner discharged; or

(d) if the child is a youthful offender, a commitment to age twenty-one, unless sooner discharged[.]

Section 32A–2–20:

A. The court has the discretion to invoke either an adult sentence or juvenile sanctions on a youthful offender.