605 P.2d 256
**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**John DOE, a child, Defendant-Appellant.**

No. 4385.

Court of Appeals of New Mexico.

Jan. 15, 1980.

John B. Bigelow, Chief Public Defender, Santa Fe, Joseph W. Gandert, Asst. Public Defender, Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

The child appealed and filed a docketing statement raising certain issues, which if true, would require a reversal. We calendared the cause for summary reversal, listing our reasons for the reversal. The State did not respond or contest the proposed summary reversal. Accordingly, the cause is reversed for the reasons hereinafter stated.

The central issue relates to time limits concerning the Children's Court. The child had had several prior scrapes with the law which resulted in the filing of several petitions by the Children's Court attorney. In response, the Court initially ordered probation, then considered several petitions to revoke probation, and finally ordered that the child be committed to the Boys School upon a prior suspended commitment. The subsequent events will be reviewed in chronological order.

September 21, 1978  Child ordered committed to the Boys School for a full term commitment.

August 3, 1979  Petition filed requesting an extension of custody of the child at the Boys School since "legal custody of John Doe to the Department of Corrections will terminate on 9–21–79." A hearing on the petition was scheduled for September 6, 1979.

August 26, 1979  The child left the Boys School without permission. The court entered a pickup order on September 6, 1979.

September 18, 1979  The child was arrested and booked into the Juvenile Detention Center. The child was returned to the Boys School on September 27, 1979. The hearing on the peti-

tion to extend custody was then set for October 24, 1979.

October 22, 1979  The child filed a motion to dismiss the petition to extend custody.

October 24, 1979  The hearing on the petition to extend custody and the child's motion to dismiss was held. The Court ordered that the legal custody be extended.

The docketing statement asserts that prior to the hearing the Children's Court attorney and the child's attorney stipulated that the dates in the child's motion were correct. The above chronological outline proceeds upon that assumption. *State v. Calanche*, 91 N.M. 390, 574 P.2d 1018 (Ct.App.1978).

Section 32–1–38, N.M.S.A.1978, states in part:

A.  A judgment vesting legal custody of a child in an agency shall remain in force for an indeterminate period not exceeding two years from the date entered, except that not more than one year in an institution for the housing of delinquent children may be authorized without further order of the court, and except that a judgment transferring legal custody of an adjudicated delinquent child to an agency responsible for the care and rehabilitation of delinquent children divests the court of jurisdiction at the time of transfer of custody in accordance with Section 32–1–12 NMSA 1978, and:

\*  \*  \*  \*  \*  \*

F.  Prior to the expiration of a judgment transferring legal custody, the court may extend the judgment for additional periods of one year if it finds that the extension is necessary to safeguard the welfare of the child or the public interest.

\*  \*  \*  \*  \*  \*

I.  The court may dismiss a motion if it finds after preliminary investigation that the motion is without substance. If the court is of the opinion that the matter should be reviewed, it may, upon notice to all necessary parties, proceed to a hearing in the manner provided for hearings on petitions alleging delinquency. The court may terminate a judgment if it finds that the child is no longer in need of care, supervision or rehabilitation, or it may enter a judgment extending or modifying the original judgment if it finds that action necessary to safeguard the child or the public interest.

We conclude that subsection (I) requires that the time limits set for petitions alleging delinquency apply to motions to extend custody. See *State v. Doe*, 90 N.M. 568, 566 P.2d 117 (Ct.App.1977)—time periods apply to petitions to revoke parole.

The relevant time periods in the New Mexico Children's Court Rules, N.M.S.A. 1978, are:

Rule 28(a)—A detention hearing must be held within one day.

Rule 46(a)(5)—The adjudicatory hearing must be held within 30 days from the date the child is taken into custody after a failure to appear.

Rule 46(b)(5)—The adjudicatory hearing must be held within 90 days after the child's arrest on the failure to appear if the child is not in detention.

The commitment of the child was effective until September 21, 1979. No detention hearing was held subsequent to that date; however, Rule 29(a), N.M. Children's Ct. R., N.M.S.A.1978, imposes upon the child the obligation of requesting a detention hearing. In any event, failure to hold the hearing within the time limits requires release of the child, not dismissal of the petition. See Rule 29(a).

We hold that the procedural rules applicable to adjudicatory hearings are applicable to motions to extend custody. The hearing on the motion to extend custody must be held within 30 days. Rule 46. The 30 days begins to run after the later of (1) the termination date of the prior custody, or (2) the date the child is arrested after his failure to appear. In this case, the child was arrested on September 18, 1979, after his failure to appear—the termination date of his prior commitment was September 21, 1979. Thirty days from September 21, 1979, would be October 21, 1979, which was

 

a Sunday. Therefore, pursuant to Rule 7(a), the thirty days would expire on October 22, 1979. The hearing was not held until October 24, 1979.

The docketing statement suggests that the State argued that since the child was placed in Springer, arguably an institution for the care and rehabilitation of delinquent children, he was not in a "detention facility" as defined in § 32–1–3(Q), N.M.S. A.1978, and as required for application of the time limits in Rule 46(a). Where the child is not "in detention", the relevant time limit is 90 days. Rule 46(b). We would agree with the State up until the date when the child's original commitment term had expired, however, after that date, he was "in detention" under the definition in § 32–1–3(Q). The definition refers to detention "pending court hearing". After September 21, the child was in detention pending the hearing on the motion.

Reversed and remanded with instructions to dismiss with prejudice. Rule 46(e).

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.