**Certiorari Denied, November 7, 2018, No. S-1-SC-37315**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2019-NMCA-003**

**Filing Date: September 26, 2018**

**Docket No. A-1-CA-36241**

**STATE OF NEW MEXICO,**

      **Plaintiff-Appellee,**

**v.**

**ANTHONY L.,**

      **Child-Appellant.**

**APPEAL FROM THE DISTRICT OF BERNALILLO COUNTY**
**William E. Parnall, District Judge**

Hector H. Balderas, Attorney General
Maha Khoury, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**ZAMORA, Judge**

**{1}** Child appeals the district court's order granting the State's motion for extension to commence Child's adjudication and his commission of the delinquent act of driving without a valid driver's license. Child contends that: (1) the district court erred by extending the time to commence Child's adjudication; and (2) there was insufficient evidence to support the jury's verdict that he committed the delinquent act of driving without a valid driver's license. We affirm.

1

**BACKGROUND**

**{2}** On September 6, 2016, a delinquency petition was filed alleging that on September 3, 2016, Child had committed the delinquent acts of: (1) leaving the scene of an accident (property damage), contrary to NMSA 1978, Section 66-7-202 (1978); (2) driving without a valid driver's license, contrary to NMSA 1978, Section 66-5-2 (2013); and (3) tampering with evidence (third or fourth degree felony), contrary to NMSA 1978, Section 30-22-5 (2003). Child was arrested and held in detention until September 7, 2016, when he was conditionally released to New Day Shelter. Child was arrested on October 7, 2016, for violating his conditions of release and held in detention. On October 12, 2016, a notice was issued setting a pretrial conference for October 31, 2016.

**{3}** On the day of the pretrial conference, the State filed a motion to extend the time limit for the adjudicatory hearing in which it noted that: the matter had been set for an adjudicatory hearing on October 31, 2016; the time limit to commence the adjudicatory hearing was November 7, 2016; and a continuance was necessary in anticipation of a pending community service agency (CSA) assessment and identification of a possible out-of-home placement for Child. At the hearing, Child's attorney opposed the motion, although the district court had stated at the last hearing it would grant an extension and set the adjudication for December. The State noted that the motion was opposed, but left the certification date for providing opposing counsel with a copy of the motion blank. Also on the same date, the district court's order of continuance of the pretrial conference was filed and reset for November 21, 2016. Opposition to the motion by Child's attorney was noted on that order. The district court order granted the State's motion for extension extending the date to commence the adjudication to December 13, 2016, and a notice of jury trial was issued.

**{4}** On November 3, 2016, a hearing was held before a special master to address conditions of release and placement options for Child. Child's counsel informed the special master that Open Skies, a CSA, had assessed Child on October 26, 2016, and Amistad Shelter had informed her the day before that they had an opening. Child's counsel also suggested that Child did not need to stay in detention waiting for the Open Skies assessment; however, the Child remained in detention.

**{5}** On November 21, 2016, Child was conditionally released to Amistad Shelter. On November 23, 2016, Child filed an objection to the extension and request for reconsideration, reversal and dismissal. At a hearing on December 12, 2016, the district court stated that the good cause for extending the time line was because of the district court's busy docket.

**{6}** After a jury trial, Child was found to have committed the delinquent acts of leaving the scene of an accident and driving without a valid driver's license. A mistrial was declared on the delinquent act of tampering with evidence. The judgment and disposition, for an extended consent decree, was filed on January 23, 2017. Child was

placed on probation, under an extended consent decree, for a period not to exceed one year, or through January 22, 2018.[1]

**District Court Did Not Abuse Its Discretion in Granting an Extension to Commence Child's Adjudication.**

**{7}**    The granting of a continuance rests within the sound discretion of the district court. *In re Doe*, 1975-NMCA-108, ¶ 8, 88 N.M. 347, 540 P.2d 827. The standard of review for a motion to continue is abuse of discretion. *Id*. An abuse of discretion occurs when the ruling is "clearly untenable or not justified by reason." *State v. Candelaria*, 2008-NMCA-120, ¶ 12, 144 N.M. 797, 192 P.3d 792 (internal quotation marks and citation omitted).   There is no abuse of discretion when there are reasons that both support and detract from a trial court's decision. *State v. Moreland*, 2008-NMSC-031, ¶ 9, 144 N.M. 192, 185 P.3d 363. Our review looks at the evidence and its inference in the light most favorable to the district court's decision. *Candelaria*, 2008-NMCA-120, ¶ 12.

**{8}**    Appellate courts review interpretations of our Supreme Court rules de novo, *State v. Stephen F.*, 2006-NMSC-030, ¶ 7, 140 N.M. 24, 139 P.3d 184, as well as "the district court's application of the law to the facts of [the] case." *State v. Foster*, 2003-NMCA-099, ¶ 6, 134 N.M. 224, 75 P.3d 824. Appellate courts apply the same rules of construction to procedural rules adopted by our Supreme Court as it does to statutes. *Walker v. Walton*, 2003-NMSC-014, ¶ 8, 133 N.M. 766, 70 P.3d 756.   We therefore "look first to the plain meaning of the rule" and "refrain from further interpretation when the language is clear and unambiguous." *State v. Gutierrez*, 2006-NMCA-090, ¶ 7, 140 N.M. 157, 140 P.3d 1106 (alteration, internal quotation marks, and citation omitted). Neither party argues that Rule 10-243 NMRA is ambiguous in the context of the timeliness of the commencement of Child's adjudication, we therefore apply its plain meaning.

**{9}**    Child argues there was no good cause to extend the adjudicatory time limits, where the State did not explain why it could not try Child within the requisite thirty days. Rather, the State relied on the Child's placement in detention as a basis for the extension request by depending on an outstanding CSA assessment in anticipation of identifying an out-of-home placement for Child in order to be conditionally released from detention. The State contends that because Child's parents did not want him in their home, Child's placement fell to the district court, therefore there was good cause to extend the time limits in order to determine an appropriate placement for Child, based on the CSA's assessment and recommendations.

**{10}**   The Children's Code explicitly mandates that Rule 10-243 governs the time limits for the commencement of an adjudicatory hearing. *See* NMSA, § 32A-2-15 (1993) ("The adjudicatory hearing in a delinquency proceeding shall be held in accordance with the

---

[1] In the meantime, Child violated his probation agreement and has since entered into another probation agreement for a period of up to one year, which will expire on April 29, 2019.

time limits set forth in the Children's Court Rules[.]"). Rule 10-243 sets forth the time limits for the commencement of an adjudicatory hearing for both children in detention and those children not in detention.

Rule 10-243(A) states, in pertinent part:
A.    If the child is in detention, the adjudicatory hearing shall be commenced within thirty (30) days from whichever of the following events occurs latest:

(1)    the date the petition is served on the child;

(2)    the date the child is placed in detention[.]

. . . .

B.    If the child is not in detention, or has been released from detention prior to the expiration of the time limits set forth in this rule for a child in detention, the adjudicatory hearing shall be commenced within one-hundred twenty (120) days from . . . :

(1)    the date the petition is served on the child[.]

For purposes of calculating the time limits for a child in detention, Child and the State are both relying on the date Child was placed in detention, the second time, October 7, 2016. Thus, the time limit for the commencement of the adjudicatory hearing was November 7, 2016.

**{11}**    Rule 10-243(D) states: "*For good cause shown*, the time for commencement of an adjudicatory hearing may be extended by the [district] court, provided that the aggregate of all extensions granted by the [district] court shall not exceed ninety . . . days[.]" (Emphasis added.) The procedure for extensions of time is set out in Rule 10-243(E):

The party seeking an extension of time shall file . . . a motion for extension concisely stating the facts that support an extension of time to commence the adjudicatory hearing. The motion shall be filed within the applicable time limit prescribed by this rule[.] A party seeking an extension of time shall forthwith serve a copy thereof on opposing counsel. Within five . . . days after service of the motion, opposing counsel may file an objection to the extension setting forth the reasons for such objection. . . . If the [district] court grants an extension beyond the applicable time limit, it shall set the date upon which the adjudicatory hearing must commence.

**{12}**    Two purposes of the Children's Code, NMSA 1978, §§ 32A-1-1 to -25-5 (1993, as amended through 2018), are pertinent to this case: (1) "to provide for the care, protection and wholesome mental and physical development of children . . . [and a]

4

child's health and safety shall be the paramount concern[]"; and, (2) "to provide judicial and other procedures through which the provisions of the Children's Code are executed and enforced and in which the parties are assured a fair hearing and their constitutional and other legal rights are recognized and enforced[.]" Section 32A-1-3(A), (B). One of the purposes of the Delinquency Act, Sections 32A-2-1 to -33, contained within the Children's Code, is to "encourage efficient processing of cases[.]" § 32A-2-2(G).

**{13}** This Court has also recognized a constitutional policy reason for the shorter time limits where a child is in detention——the shorter time limit for a juvenile in detention protects the child's liberty interest. *State v. Anthony M.*, 1998-NMCA-065, ¶ 9, 125 N.M. 149, 958 P.2d 107. The policy behind this protection is because the state has yet to prove the allegations against the child. *Id.*; *see In re Dominick Q.*, 1992-NMCA-002, ¶ 8, 113 N.M. 353, 826 P.2d 574 (noting that required expedited proceedings for a child in detention "demonstrate[s] a concern by the rulemakers that a child should not be held in detention for a prolonged period at the pre-adjudicatory . . . stage[] of the proceedings"). If the adjudicatory hearing is not timely, Rule 10-243(F)(2) mandates the dismissal of the case, with prejudice, where the adjudication has not commenced within the requisite time limits.

**{14}** This case involves a very delicate balancing act in adhering to the purposes behind the Children's Code and recognizing Child's right to a timely adjudication. On one hand, it was Child's unsuccessful discharge from New Day Shelter that resulted in the need for Child's second detention, resulting in a shorter time limit in which to begin the adjudication. The unsuccessful discharge created an out-of-detention placement problem. It was not until the day of the pre-trial conference, or seven days before the expiration of the time limit that the State requested an extension. The State noted on its motion that the extension was necessary because "[C]hild is held in detention pending CSA assessment and possible placement out of home." The district court's order of continuance for the pretrial conference identified the CSA assessment and possible pending placement as grounds for the continuance. The order extending the time limit did not identify any grounds for the extension much less any good cause basis, but it did identify the trial date of December 13, 2016. So although Child was in detention and time was running, there was still work being done to find him a placement and get him out of detention. Eventually, Child was released to Amistad Shelter on November 21, 2016. As a result, the new time limit to commence his adjudication was one hundred twenty days from September 6, 2016 (the date the delinquency petition was filed), or January 4, 2017. *See* Rule 10-243(B)(1). Two days after Child was released to Amistad Shelter, on November 23, 2016, Child's attorney filed an objection to the State's October 31, 2016 motion for extension.

**{15}** Child also argues that the district court's crowded docket was not good cause to grant the time limit extension. The State argues that the district court judge's verbal comments during the October 31, 2016 hearing, cannot supersede the formal written order and therefore cannot be the basis for a reversal. During the pretrial conference and again during the December 12, 2016 hearing, the district court noted that the trial date was the earliest available date on its docket. We agree that a court's busy docket cannot

5

take precedence over a child's liberty interests. *See Anthony M.*, 1998-NMCA-065, ¶ 9 (noting shorter time limits for a juvenile in detention protects the child's liberty interest); *In Re Doe*, 1975-NMCA-108, ¶ 11 (stating that the Children's Code intended that there be prompt adjudication of juvenile delinquency cases); *see also State v. Doe*, 1977-NMCA-065, ¶¶ 9-11, 90 N.M. 568, 566 P.2d 117 (holding that a continuance of sixteen days was properly granted for good cause where the district court was in the middle of a jury trial and did not expect to finish in time for the hearing).

**{16}** Because there was good cause in the record, although not memorialized in the district court's order granting the extension of time limits, we hold that the district court did not abuse its discretion in granting the State's motion for extension of time in which to commence Child's adjudication.

**There is Insufficient Evidence to Support Child's Commission of the Delinquent Act of Driving a Motor Vehicle without a Valid Driver's License**

**{17}** Child was charged with driving without having a valid driver's license under Section 66-5-2. Child argues that there is insufficient evidence to prove that he was driving without a valid driver's license on September 3, 2016. Child contends that the State did not prove that he did not hold a valid driver's license at the time; instead, they proved that he did not have a driver's license in his possession at the time. The State agrees. While we are not bound to accept the State's concession, *see State v. Tapia*, 2015-NMCA-048, ¶ 31, 347 P.3d 738 (stating that appellate courts are not bound by the state's concession), we agree that the jury's verdict finding that Child committed the delinquent act of driving without a valid driver's license should be reversed.

**{18}** The testimony at trial established that Child did not have a license in his possession on September 3, 2016. It is NMSA 1978, Section 66-5-16 (1985, amended 2018) that requires that a licensee have a driver's license in their immediate possession. The jury instruction was also misleading, as it required the jury to find, in part, that Child was not in possession of a valid driver's license, in order to find that he committed the delinquent act of driving a motor vehicle without a valid driver's license. We conclude that there was insufficient evidence to support the jury's verdict finding that Child committed the delinquent act of driving a motor vehicle without a valid driver's license.

**CONCLUSION**

**{19}** For the foregoing reasons, we affirm Child's commission of the delinquent act of leaving the scene of an accident, and reverse Child's commission of the delinquent act of driving a motor vehicle without a valid driver's license.

**{20}** **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

6

**WE CONCUR:**

_____
**STEPHEN G. FRENCH, Judge**

_____
**HENRY M. BOHNOFF, Judge**