This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40128

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JEREMIAH G. a/k/a JEREMIAH J.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Michael H. Stone, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Walter Hart, Assistant Attorney General
Albuquerque, NM

for Appellee

Liane E. Kerr
Albuquerque, NM

for Appellant

### DECISION

**MEDINA, Judge.**

**{1}** On direct appeal, following a jury determination of delinquency for one count of conspiracy to commit armed robbery in violation of NMSA 1978, Section 30-16-2 (1973) and NMSA 1978, Section 30-28-2 (1979), Child appeals the district court's order granting the State's motion to extend the period of time in which Child could be adjudicated under Rule 10-243 NMRA, and to continue Child's adjudication of the State's delinquency petition. Child argues that (1) the State failed to timely request an extension of time under Rule 10-243(E), and therefore the district court lost jurisdiction to grant the motion; and (2) the State failed to establish the exceptional circumstances

required to delay Child's adjudication. We hold that the district court did not lose jurisdiction to consider the motion and did not abuse its discretion by finding exceptional circumstances. We therefore affirm.

**BACKGROUND**

**{2}**     The State filed a delinquency petition against Child on October 26, 2020, in the Fifth Judicial District Court.[1] On October 29, 2020, the district court ordered Child's detention pending further proceedings. During Child's November 4, 2020 arraignment, the district court observed that the case was serious and stated, "There is no way that we are going to be ready to [set the case for trial] this month and probably not next month," so the court scheduled a December 2, 2020 status conference, but did not set a date for Child's adjudicatory hearing due to the complexity of the case.

**{3}**     During the December 2, 2020 status conference, the State announced that it was ready to proceed. Defense counsel advised that he had received a large amount of discovery he was working through, he was currently unprepared to proceed, and he would make every effort to inform the court in January when he would be prepared for trial. The district court scheduled a pretrial conference for February 10, 2021, during which the district court and the parties agreed to a five-day adjudicatory hearing starting July 19, 2021.

**{4}**     Prior to the February status conference, our Supreme Court temporarily suspended all trials due to the public health emergency caused by COVID-19 from November 13, 2020, onward. *See* Supreme Court Order No. 20-8500-039 (Nov. 13, 2020), at 1, https://www.nmcourts.gov/wp-content/uploads/2020/12/Combined-Order-No_-20-8500-039-Amending-PHE-Protocols-Nos-1-2-and-3.pdf.  Our Supreme Court later instructed that all trials were to resume with appropriate COVID-19 safety measures no later than February 1, 2021. *See* Supreme Court Order No. 20-8500-042 (Dec. 14, 2020), at 17, https://www.nmcourts.gov/wp-content/uploads/2021/02/Order-No.-20-8500-042-Amending-PHE-Protocols-1-2-and-3-with-amended-protocols-attached-12-14-20-1.pdf. Trials resumed in the Fifth Judicial District on February 1, 2021.

**{5}**     On June 16, 2021, the State moved to extend time to adjudicate delinquency and continue Child's July 2021 trial setting, stating that an essential witness from the Office of the Medical Investigator (OMI) would be out of state and therefore unavailable to testify, and this met the definition of "good cause" required to grant an extension of time under Rule 10-243(D). Defense counsel observed that Child had already been detained for a lengthy period of time, and that Child preferred to go to trial in July. The district court granted the motion, finding that good cause existed to extend time and continue the trial due to the exceptional circumstances presented by COVID-19, the public health

---

[1]The petition alleged Child committed first degree murder, contrary to NMSA 1978, Section 30-2-1(A)(2) (1994); two counts of tampering with evidence, contrary to NMSA 1978, Section 30-22-5 (2003); conspiracy to commit armed robbery, contrary to Section 30-16-2 and Section 30-28-2; and attempt to commit armed robbery, contrary to Section 30-16-2 and NMSA 1978, Section 30-28-1 (1963).

emergency, and because the availability of the OMI doctors had been affected by COVID-19. The district court continued the adjudicatory hearing, rescheduling a five-day trial starting October 25, 2021.

**{6}** Child then filed a motion to dismiss the petition for violation of Rule 10-243. Child argued that (1) the State failed to bring Child to an adjudicatory hearing within the thirty-day time period required by the rule; (2) Supreme Court Order No. 20-8500-013[2] did not specifically extend time limits for adjudicatory hearings; (3) Supreme Court Order No. 20-8500-004[3] does not include authority to extend adjudicatory hearings; (4) the State failed to timely file a motion for extension of time and so the district court lost jurisdiction over the case and was required to dismiss the petition; and (5) the State failed to show that its necessary witness was unavailable due to COVID-19, although the district court granted the extension of time on those grounds. The district court denied the motion, reiterating that COVID-19 is an unprecedented event that resulted in delays in the court's proceedings. A jury trial commenced as scheduled on October 25, 2021, after which the jury found Child committed the delinquent act of conspiracy to commit armed robbery. The jury acquitted him of the remaining counts in the petition. This appeal followed.

## DISCUSSION

### I.     Jurisdiction to Grant the State's Motion

**{7}** Child first argues that the district court lacked jurisdiction to grant the State's motion to extend time and continue the trial because the State's motion was untimely under the language of Rule 10-243. Therefore, Child contends the district court erred in granting the extension and was required to dismiss the petition. We review a district court's interpretation of rules of procedure de novo. *See State v. Steven F.*, 2006-NMSC-030, ¶ 7, 140 N.M. 24, 139 P.3d 184 (applying de novo review to the interpretation of Children's Court Rules). We disagree, and explain.

**{8}** Rule 10-243(A), (D), (E), and (F) provides, in relevant part:

A.     Child in detention. If the child is in detention, the adjudicatory hearing shall be commenced within thirty (30) days from whichever of the following events occurs latest:

. . . .

(2) the date the child is placed in detention;

---

2Supreme Court Order No. 20-8500-013 (Apr. 16, 2020), https://www.nmcourts.gov/wp-content/uploads/2020/12/Order-No_-20-8500-013-Updating-and-Consolidating-Precautionary-Measures-for-Court-Operations-in-NM-Judiciary-4-16-20.pdf.
3Supreme Court Order No. 20-8500-004, (Mar. 18, 2020), https://www.nmcourts.gov/wp-content/uploads/2020/12/Order-for-Temporary-Case-Management-for-Childrens-Court.pdf.

. . . .

      **D.**     Extension of time. For good cause shown, the time for commencement of an adjudicatory hearing may be extended by the children's court, provided that the aggregate of all extensions granted by the children's court shall not exceed ninety (90) days, except upon a showing of exceptional circumstances. . . . An order extending time beyond the ninety (90)-day limit set forth in the paragraph shall not rely on circumstances that were used to support another extension.

      **E.**     Procedure for extensions of time. The party seeking an extension of time shall file with the clerk of the children's court a motion for extension concisely stating the facts that support an extension of time to commence the adjudicatory hearing. The motion shall be filed within the applicable time limit prescribed by this rule, except that it may be filed within ten (10) days after the expiration of the applicable time limit if it is based on exceptional circumstances beyond the control of the parties or trial court which justify the failure to file the motion within the applicable time limit. . . .

      **F.**     Effect of noncompliance with time limits.

         (1)     The children's court may deny an untimely motion for extension of time or may grant it and impose other sanctions or remedial measures, as the court may deem appropriate in the circumstances.

         (2)     In the event the adjudicatory hearing of any person does not commence within the time limits provided in this rule, including any court-ordered extensions, the case shall be dismissed with prejudice.

**{9}**    Child contends that the latest the State could have moved to extend time and continue the adjudication based on exceptional circumstances under Rule 10-243(E) was December 9, 2020. And because the State moved to extend significantly after that date, the district court failed to extend time appropriately under the rule, and therefore lost jurisdiction to do so. However, Rule 10-243(F)(1) allows a district court to both consider and grant untimely motions for extensions of time. As such, the fact that a motion is untimely under Rule 10-243(E) does not remove the district court's jurisdiction to consider it.

**{10}**    Although we have previously stated that an older version of this rule was jurisdictional in *In re Ruben O.*, our analysis then was predicated on the committee commentary that stated the time limits set forth in the rule were to be considered jurisdictional for purposes of a court's analysis. 1995-NMCA-051, ¶ 11, 120 N.M. 160, 899 P.2d 603. Since our analysis in *In re Ruben O.*, the committee has removed its commentary indicating that the time limits are considered jurisdictional. *Compare* Rule 10-226 NMRA comm. cmt. (1995) ("The time limits in Rule 10-226 [the previous version

of Rule 10-243] are jurisdictional."), *with* Rule 10-243 comm. cmt. This conforms Rule 10-243 with other time deadline rules for bringing a defendant to trial, which are not jurisdictional in nature. *See, e.g.*, *State v. Candelario*, 2008-NMCA-119, ¶ 7, 144 N.M. 794, 192 P.3d 789 ("The time limits for bringing a defendant to trial under [the six-month] rules [for inferior courts] are not jurisdictional, but mandatory, upon a defendant's appropriate invocation of the right to a timely trial." (internal quotation marks and citation omitted)). Therefore, we hold that an untimely motion for an extension of time does not remove a district court's jurisdiction to consider it. We next address whether the district court abused its discretion in granting the State's motion.

## II.    Exceptional Circumstances

**{11}**    Child argues that the State failed to establish that the unavailability of a State's witness for trial is an exceptional circumstance required to extend time for Child's adjudication, or that the witness's unavailability was related to COVID-19. We review a district court's decision to deny or grant a continuance or extension for an abuse of discretion. *See State v. Anthony L.*, 2019-NMCA-003, ¶¶ 7, 16, 433 P.3d 347 (holding that the district court did not abuse its discretion in granting an extension to commence a child's adjudication under the Children's Code). "An abuse of discretion occurs when the ruling is clearly untenable or not justified by reason." *State v. Alejandro M.*, 2021-NMCA-013, ¶ 5, 485 P.3d 787 (internal quotation marks and citation omitted). We conduct our review "in the light most favorable to the district court's decision." *Id.*

**{12}**    Here, the district court found exceptional circumstances based upon COVID-19 and the public health emergency in New Mexico. Although the district court also listed the effect COVID-19 has had on the availability of OMI doctors in its findings, the district court's order specifically stated, "Based on the COVID-19 pandemic, exceptional circumstances exist in this case for allowing an extension of time." The district court reinforced to the parties that its decision to grant the State's continuance was based on COVID-19 considerations when Child moved to dismiss the petition. We have recently held that the COVID-19 pandemic, public health emergency, and resulting precautionary measures are exceptional circumstances under Rule 10-243(D) that warrant granting an extension of time. *See State v. Antonio M.*, ___-NMCA-___, ¶ 28, ___ P.3d ___ (A-1-CA-39709, Mar. 17, 2022).

**{13}**    As we have previously recognized, Rule 10-243 "involves a very delicate balancing act in adhering to the purposes behind the Children's Code and recognizing [the c]hild's right to a timely adjudication." *Anthony L.*, 2019-NMCA-003, ¶ 14. We also recognize that Child was detained beyond the contemplated time in Rule 10-243(A)(2). However, no trials took place from the middle of November 2020 until February 1, 2021; the district court described the case as complex; defense counsel requested additional time to prepare for trial; defense counsel agreed to the July 2021 adjudicatory dates; and the State indicated it was prepared for trial in December 2020. Although Child argues that the State cannot use COVID-19 as an "umbrella protection" for delaying the adjudicatory hearing, nothing in the record indicates this is the case or that the district court's decision was otherwise not justifiable. *See Anthony L.*, 2019-NMCA-003, ¶¶ 14-

16 (reviewing the procedural history of the case when determining whether the district court abused its discretion in granting the state's motion for an extension of time). Therefore, we hold that the district court did not abuse its discretion in granting the State's motion for an extension of time and to continue Child's adjudicatory hearing and trial.

**CONCLUSION**

**{14}**   For the forgoing reasons, we affirm.

**{15}   IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**KATHERINE A. WRAY, Judge**